UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| CYNTHIA MENDEZ,<br>Plaintiff<br><br>V.<br><br>UNUM PROVIDENT CORPORATION;<br>PROVIDENT LIFE & ACCIDENT<br>INSURANCE COMPANY,<br>Defendant | United States District Court for the<br>Northern District of California<br>CASE NO. C04 01312 JW |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM SERVED ON MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

Defendants UnumProvident Corporation and Provident Life & Accident Insurance Company submit their memorandum of law in support of their motion to compel Massachusetts Mutual Life Insurance Company ("MassMutual") to produce documents pursuant to a subpoena duces tecum as follows:

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Cynthia Mendez ("plaintiff") has disclosed Stephen D. Prater as an expert witness in this matter, pending in the United States District Court, Northern District of California. Prater routinely is retained to testify on behalf of insureds in litigation arising from disputes regarding insurance polices. Prater claims that he is retained by insurance companies, such as MassMutual, to render advice. In his report in Mendez, he asserts: "I am providing services pursuant to an ongoing consultant agreement for Massachusetts Mutual in connection with their income disability insurance line of business." Affidavit of John T. Burnite, Exhibit 1, ¶ 7.

Defendants previously have taken Prater's deposition in other litigation, unrelated to the Mendez matter. He consistently dodges questions regarding good faith estimates of the income he accumulates from his consultant/expert witness work. He fails to provide accurate estimates of the percent of income he derives from expert witness consultation work. He does not provide accurate estimates of the amount, or percentages, of income he derives from plaintiff work versus defendant work. He claims that he does not keep track of such information. The nature, extent and scope of Prater's work as a consultant/expert is a proper area for discovery. His claim that he cannot provide accurate estimates of the aforementioned information provides an important basis for the subject subpoena.

The information requested in the subpoena pertain to bias and credibility issues. Furthermore, the nature and extent of his relationship with MassMutual, or lack thereof, indisputably is a proper topic of discovery to explore the issue of bias and/or veracity. Prater himself raises the issue in his report. Therefore, defendants issued a subpoena duces tecum to MassMutual's custodian of records to obtain relevant documents in this regard. Affidavit of John T. Burnite, ¶ 5, Exhibit 2.

MassMutual served written objections to the subpoena on May 24, 2005. Affidavit of John T. Burnite, Exhibit 3 thereto. Prater also served objections. Affidavit of John T. Burnite, Exhibit 4 thereto. Michael G. Glanzberg and John T. Burnite thereafter attempted to meet and confer with Darlene Alt, of the law firm Edwards & Angell LLP (who submitted the written objections), in an effort to informally resolve the discovery dispute. Affidavit of John T. Burnite, ¶ 7. Ms. Alt stated that she and/or Stephen M. Prignano, Esq. of her firm would get back to us. During the telephone call, counsel for defendants expressed a willingness to discuss

any concerns MassMutual had regarding the production. To date, counsel for defendants have not received a call back. Id.

MassMutual refuses to produce any response documents without a court order. Thus, defendants have been forced to file the present motion to compel.

## II. LEGAL ARGUMENT

### 1. A Subpoena May Be Issued Obtain Information Regarding an Expert.

"A subpoena duces tecum issued pursuant to Rule 45 is an appropriate discovery mechanism against nonparties such as a party's expert witness. Fed.R.Civ.P. 34(c) ("A person not a party to the action may be compelled to produce documents and things . . . as provided in Rule 45"); All W. Pet Supply Co. v. Hill's Pet Prods. Div., 152 F.R.D. 634, 639 (D. Kan. 1993) ("With regard to nonparties such as plaintiff's expert witness, a request for documents may be made by subpoena duces tecum pursuant to Rule 45."); Western Resources, Inc. v. Union Pacific Railroad Co., 2002 U.S. Dist. LEXIS 14796, 2002 WL 1822428, at *3 (D. Kan. 2002) (ordering expert to produce testimony pursuant to Rule 45 subpoena)." Expeditors Int'l of Wash., Inc. v. Vastera, Inc., 2004 U.S. Dist. LEXIS 2501, 9-10 (D. Ill. 2004). Moreover, Rule 45 does not prohibit the use of a subpoena "to uncover information about other cases" in which an expert has served. Id., citing Thomas v. Marina Assocs., 202 F.R.D. 433, 433 (E.D. Pa. 2001) (denying motion to quash subpoenas regarding expert).

### 2. The Documents Requested in the Subpoena to MassMutual.

Defendants requested the following documents in the subpoena served upon MassMutual: For the period 1995 - Present, all documents reflecting services rendered by, employment, association engagement, hiring, and/or retention of, and monies paid to, Stephen D. Prater ("Prater") by YOU, including but not limited to the following documents:

1. All documents regarding the retention or hiring of Prater and any Consulting Agreement with Prater;

2. Any written product prepared for or received by YOU from Prater (including opinions, recommendations, analyses, of any kind);

3. Any requests for services or assistance sent to Prater;

4. Communications with Prater requesting or receiving advice, opinions, recommendations, and analyses of any kind;

5. All invoices and billings received from Prater;

6. All payments made to Prater;

7. All records reflecting hours spent and time billed by Prater;

8. All tax records including all 1099's, W-2's or other tax reporting form sent to Prater;

9. All professional services agreements with Prater of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements); and

10. All billing records, logs, diaries, spreadsheets, agings, accounts receivable and accounts payable relating to monies owed to and paid to Prater.

These documents directly relate to the representation Prater makes in his report regarding his alleged "ongoing consultant agreement" with MassMutual. Affidavit of John T. Burnite, Exhibit 1.

### 3. The Information Requested Under the Subpoena is Discoverable on Several Grounds.

Defendants served the subpoena duces tecum to MassMutual to discover the type and amount of work Prater allegedly has performed for MassMutual. Defendants also properly seek discovery regarding the amount of expert consulting fees Prater has earned.

With respect to Prater's involvement in this matter as retained "expert," the aforementioned documents are proper for several reasons. Information regarding the views and opinions of Prater in other matters is highly relevant. Defendants are entitled to know whether Prater's opinions in MassMutual matters are consistent or inconsistent with his opinions in the present matter. The information also is relevant to determine the extent to which Prater is hired by insurance companies for his "expert" opinions. With respect to the money Prater has earned from MassMutual, the information relates directly to bias.

4. <u>MassMutual's Objections Lack Merit.</u>

MassMutual served written objections. Affidavit of John T. Burnite, Exhibit 3. MassMutual's objections consist of three general categories. As discussed herein, the objections are without merit.

MassMutual raises a purported geographic restriction objection claiming that the place for production is improper based on Rule 45(a)(2). The subpoena asks that the records be produced to Kelly, Herlihy & Klein in San Francisco, California. Affidavit of John T. Burnite, Exhibit 2. The objection is without merit because the subpoena does <u>not</u> require the personal attendance of any MassMutual personnel for deposition. The subpoena is for production of records only. These records can just as easily be mailed to an office in California as to an office in Massachusetts. "[T]he burden of producing documents need not increase appreciably with an increase in the distance those documents must travel." <u>Security Life Ins. Co. Of America v. Duncanson & Holt, Inc. (In Re Sec. Life Ins. Co. Of Am.)</u>, 228 F.3d 865, 872 (8th Cir. 2000). However, if the destination is a problem and had MassMutual's counsel returned UnumProvident's call, defendants would have offered MassMutual a local address to send the documents.

MassMutual claims that the subpoena did not give MassMutual sufficient time to respond. However, this objection is without merit because the subpoena was served on May 11, 2005 and specified a production date of May 25, 2005. Thus, MassMutual had fourteen days which to produce documents. The time allotted for production pursuant to the subpoena therefore satisfies the time specified in Rule 45.

MassMutual objects to the extent the requests seeks information protected by the attorney client privilege and/or the work product doctrine and/or confidentiality orders. However, without a privilege log, or more specificity regarding the documents purportedly protected by attorney-client privilege or the work product doctrine, defendants cannot fully respond to such objections. Defendants are willing to allow reasonable redaction of documents in appropriate circumstances. However, MassMutual's apparent unwillingness to meet and confer has resulted in the inability to discuss the actual nature and extent of their objections.

5. The Requested Documents, Such as 1099's Pertaining to Prater, Do Not Violate a Right of Privacy under the Present Circumstances.

MassMutual does not assert right of privacy as an objection. However, defendants have received objections from Prater wherein he objects on grounds similar to MassMutual and on privacy grounds. Affidavit of John T. Burnite, Exhibit 4. However, privacy under the California Constitution is not absolute. Valley Bank of Nevada v. Superior Court 15 Cal.3d 652, 657 (1975). Rather, privacy must be balanced against the need for discovery. Prater's consistent "inability" to provide accurate financial information regarding the amount of money he earns from his forensic work has necessitated the present subpoena and this motion to compel. Prater claims that he cannot provide an accurate estimate because he does not keep track of such information. To this end, application of the balancing test leads to the inescapable conclusion that defendants are entitled to discover relevant financial information. Id. Here, Prater tries to

cloak himself as a neutral expert by asserting an ongoing relationship with MassMutual. Yet, he attempts to shield discovery in this regard by asserting a right of privacy, along with his consistent failure to provide good faith estimates regarding the amount of income he derives from plaintiff versus defendant expert consulting work. He cannot have it both ways. Just as payment in a particular case is some evidence of advocacy, so too is evidence that the particular expert usually or always testifies for one side of a particular class of lawsuit. Defendants believe the amount or percent of income Prater earned from MassMutual will pale in comparison to income derived from his plaintiff-oriented consulting, and will constitute admissible evidence regarding bias. The subpoena is necessary because, in previous testimony, Prater sidesteps disclosure of the amount of income he has received from insurance companies. Prater claims that he does not "keep track" of such information. Defendants are entitled to financial information in this regard. Moreover, the documents pertain to credibility issues as well.

Defendants, and the trier of fact, are entitled to this information sufficient to determine whether Prater's opinions in this matter have been influenced by any bias in favor of the lawyers or parties who have retained him.

## III. CONCLUSION

For all of the foregoing reasons, and for good cause shown, defendants respectfully request that the Court compel MassMutual's production of the documents requested in the subpoena duces tecum.

UNUMPROVIDENT CORPORATION
AND PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,

By their attorneys,

_____
Joseph M. Hamilton, BBO #546394
Kristina H. Allaire, BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

## CERTIFICATE OF SERVICE

I, Joseph M. Hamilton, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Richard H. Friedman, Esq. and Jeffrey K. Rubin, Esq. at Friedman Rubin & White, 1126 Highland Avenue, Bremerton, WA 98337; Robert H. Bohn Sr., Esq. at Bohn & Bohn, 152 N. Third Street, Suite 200, San Jose, CA 95112; Barbara L. Lyons, Esq. At Cotchett, Pitre, Simon & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010; John C. Ferry, Esq., Michael G. Glanzberg, Esq., and Thomas M. Herlihy, Esq., at Kelley, Herlihy & Klein, LLP, 44 Montgomery Street, Suite 2500, San Francisco, CA 94104; Keeper of Records of MassMutual Life Insurance Company, 1295 State Street, Springfield, MA 01111; and Darlene K. Alt, Esq., Edwards & Angel, 2800 Financial Plaza, Providence, RI 02903.

_____
Joseph M. Hamilton

Dated: 6/22/05