UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA MENDEZ,<br>Plaintiff<br><br>V.<br><br>UNUM PROVIDENT CORPORATION;<br>PROVIDENT LIFE & ACCIDENT<br>INSURANCE COMPANY,<br>Defendant | United States District Court for the<br>Northern District of California<br>CASE NO. C04 01312 JW<br><br>**AFFIDAVIT OF JOHN T. BURNITE<br>IN SUPPORT OF MOTION TO<br>COMPEL PRODUCTION OF<br>DOCUMENTS PURSUANT TO<br>SUBPOENA SERVED ON<br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY** |

I, JOHN T. BURNITE, declare as follows:

1.      I am an attorney at law licensed to practice in all courts in the State of California and am admitted to practice in the United States District Court, Northern District of California. I am an associate with the law firm of Kelly, Herlihy, & Klein LLP, attorneys of record for defendants UnumProvident Corporation and Provident Life and Accident Insurance Company (collectively "defendants") in the above-captioned matter. As such, I have personal knowledge of the facts set forth below, and if called upon to testify under oath in this matter, I could and would testify to the following:

2.      I make this declaration in support of Defendants' motion to compel production of documents pursuant to subpoena served on the keeper of records at Massachusetts Mutual Life Insurance Company ("MassMutual"). The subpoena in this matter was issued from the United States District Court, District of Massachusetts pursuant to Federal Rules of Civil Procedure Rule 45, although the matter is pending in the United States District Court, Northern District of California.

3.      Plaintiff Cynthia Mendez ("plaintiff") has disclosed Stephen D. Prater ("Prater") as an expert in this matter pursuant to Rules of Civil Procedure Rule 26.

4.      My office received a copy of Prater's Rule 26 report in this matter.  True and correct copies of pages 1 and 6 of the report are attached as Exhibit 1.

5.      Attached hereto, as Exhibit 2, is a true, correct and complete copy of the subpoena served on MassMutual.  The requested documents relate to Prater's assertion that he performs work on behalf of MassMutual pursuant to an "ongoing consultant agreement" in connection with their "income disability insurance line of business."

6.      On May 24, 2005, my office received written objections to the subpoena from MassMutual.  Attached hereto, as Exhibit 3, is a true, correct and complete copy of the objections from Darlene K. Alt, Esq. of the law firm Edwards & Angell LLP.   We also received objection from Prater.  Attached hereto, as Exhibit 4, is a true, correct, and complete copy of his objections.

7.      Michael G. Glanzberg is a partner in the law firm of Kelly, Herlihy & Klein LLP. He is one of the primary attorneys handling the Mendez matter.  On May 26, 2005, Mr. Glanzberg and I called Ms. Alt (counsel for MassMutual) to meet and confer regarding the subpoena.  Mr. Glanzberg expressed defendants' willingness to discuss MassMutual's objections in an effort to reach some compromise to informally resolve the issue.  Ms. Alt indicated that her colleague, Stephen Prignano, Esq., was more familiar with the matter and that she would have him call us back.  To date, neither Ms. Alt nor Mr. Prignano have called back to discuss their objections.  Therefore, defendants have been forced to file the accompanying motion to compel production.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on June _2 o_ , 2005, in San Francisco, California.

_____
John T. Burnite

## CERTIFICATE OF SERVICE

I, Joseph M. Hamilton, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Richard H. Friedman, Esq. and Jeffrey K. Rubin, Esq. at Friedman Rubin & White, 1126 Highland Avenue, Bremerton, WA 98337; Robert H. Bohn Sr., Esq. at Bohn & Bohn, 152 N. Third Street, Suite 200, San Jose, CA 95112; Barbara L. Lyons, Esq. at Cotchett, Pitre, Simon & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010; and John C. Ferry, Esq., Michael G. Glanzberg, Esq., and Thomas M. Herlihy, Esq., at Kelley, Herlihy & Klein, LLP, 44 Montgomery Street, Suite 2500, San Francisco, CA 94104.

_____
Joseph M. Hamilton

Dated: ( / ).)/ ( )



# EXPERT REPORT

## OF

## STEPHEN D. PRATER

I was requested by the Bohn and Bohn law firm and the law firm of Friedman, Rubin and White, attorneys for plaintiff Cynthia Mendez, to review documents and provide expert opinions in connection with the civil action of *Mendez v. UNUMProvident Corporation, et.al.* (hereinafter referred to as "UNUM" or "defendant"). The case specific documents provided for my review to date are listed in Exhibit "A". In addition to the above documents, I have also read and considered more than 100,000 additional documents, depositions and other written materials produced in other cases around the country, including extensive documents produced in the following cases:

(1) *Bellone v. Provident*

(2) *Jordan v. Provident*

(3) *Schneider v. Provident*

(4) *Maglione v. Provident*

(5) *Norcia v. Equitable, Paul Revere, et.al.*

(6) *Williams v. Equitable*

(7) *Dick v. Paul Revere*

work with the SIU unit, and review claims files on a regular basis.

7.  I am providing services pursuant to an ongoing consulting agreement for Massachusetts Mutual in connection with their income disability insurance line of business.

8.  From September 1999 through 2004 I was engaged as legal counsel to 20th Century Industries, Inc., which owns, operates and controls several insurance companies. The services that I agreed to provide include rendering advice regarding various insurance issues pertaining to the day-to-day management and operation of the claims department.

9.  I helped draft (and served as a technical advisor) the Rules and Professional Standards for the National Commission on Accreditation of Benefit Advisors (NCABA). A Certified Benefit Advisor is accredited to practice by NCABA in the fields of medical, dental, disability, long-term care and related areas.

10. In 1999, I was appointed by California State Controller Kathleen Connell, to the HEART Commission (The Health Executive Advisory Review Team). HEART's stated goal was to design and implement a comprehensive healthcare/disability plan for over 600,000 active and retired teachers in California.

11. I continuously read and study insurance industry claims conference materials from



AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ Massachusetts

| | |
|---|---|
| Cynthia Mendez<br>**V.**<br>UnumProvident Corp, et al. | ## SUBPOENA IN A CIVIL CASE<br><br>CASE NUMBER: C 04 01312 JW<br>Case pending in the United States Northern District<br>Court of California; Case Name: Cynthia Mendez v.<br>UnumProvident Corp, et al.; Case No.: C 04-01312 JW |

TO: Massachusetts Mutual Life Insurance Company, Attn: Keeper of Records

1295 State Street, Springfield, MA 01111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 1

| PLACE | DATE AND TIME |
|---|---|
| Kelly, Herlihy & Klein, 44 Montgomery Street, Suite 2500, San Francisco, CA 94104 | May 25, 2005, 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant UnumProvident Corporation | 5 / 10 / 05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael G. Glanzberg (SBN 178751) Kelly, Herlihy & Klein, L.L.P., 44 Montgomery Street, Suite 2500, San Francisco, California 94104, 415-951-0535

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil

---

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS  SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and  no exception or  waiver  applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret   or   other confidential  research, development, or  commercial  information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Attachment

Attachment 1

For the period 1995 - Present, all documents reflecting services rendered by, employment, association engagement, hiring, and/or retention of, and monies paid to, Stephen D. Prater ("Prater") by YOU, including but not limited to the following documents:

1. All documents regarding the retention or hiring of Prater and any Consulting Agreement with Prater

2. Any written product prepared for or received by YOU from Prater (including opinions, recommendations, analyses, of any kind);

3. Any requests for services or assistance sent to Prater;

4. Communications with Prater requesting or receiving advice, opinions, recommendations, and analyses of any kind;

5. All invoices and billings received from Prater;

6. All payments made to Prater;

7. All records reflecting hours spent and time billed by Prater;

8. All tax records including all 1099's, W-2's or other tax reporting form sent to Prater;

9. All professional services agreements with Prater of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements);

10. All billing records, logs, diaries, spreadsheets, agings, accounts receivable and accounts payable relating to monies owed to and paid to Prater.

1

## PROOF OF SERVICE

2
*Cynthia Mendez v. Unum Life Insurance Company of America*
*Northern District Court of California-San Jose Division/Case No. C04-01312 JW*

3

4
I, LUTHER W. CAMP, JR., declare:

5
I am employed in the City and County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2500, San Francisco, California 94104. I am over the age of 18 years and not a party to the foregoing action.

6

7
On May 11, 2005, I served the attached SUBPOENA IN A CIVIL CASE (Massachusetts Mutual Life Insurance Company-Keeper of Records), on the interested parties involved in said action,

8

9
X   **(by mail)** by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Kelly, Herlihy & Klein LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Francisco, California.

10

11

12
_____   **(by personal delivery)** by having FIRST LEGAL SUPPORT SERVICES, a local San Francisco messenger service, personally deliver a true copy thereof to the person listed below.

13

14
_____   **(by Federal Express)** by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

15
_____   **(by facsimile transmission)** by transmitting said document(s) from our office facsimile machine (415) 391-7808, to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

16

17

18
Robert H. Bohn, Esq.                                   Attorney(s) for Plaintiff
Bohn & Bohn, LLP

19
152 North Third Street, Suite 200
San Jose, CA 95112

20
408-279-4222
408-295-2222 Fax

21
Jeffrey K. Rubin, Esq.
Friedman Rubin & White

22
1126 Highland Avenue
Bremerton, WA 92337

23

24
I declare under penalty of perjury that I am employed by a member of the Bar of this Court at whose direction this service is made, and that this declaration is executed on May 11, 2005, at San Francisco, California.

25

26

27
LUTHER W. CAMP, JR.

28

PROOF OF SERVICE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>MASSACHUSETTS MUTUAL LIFE INS. CO.<br>295 STATE STREET ☐ Addressee<br>SPRINGFIELD, MA 01111 (Printed Name) C. Date of Delivery<br>MAY 16 2005 |
| 1. Article Addressed to:<br><br>Massachusetts Mutual Life Insurance Company<br>Attn: Keeper of Records<br>1295 State Street<br>Springfield, MA 01111 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 1160 0004 3169 6417 |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |

# Edwards & Angell LLP

2800 Financial Plaza    Providence, RI 02903    401.274.9200    *fax* 401.276.6611

Darlene K. Alt

401.276.6476
*fax* 888.325.9045
DAlt@EdwardsAngell.com

May 24, 2005

**VIA FACSIMILE AND CERTIFIED MAIL**

Michael G. Glanzberg
Kelly, Herlihy & Klein, L.L.P.
44 Montgomery Street, Suite 2500
San Francisco, CA 94104

Re:    *Mendez v. UnumProvident Corp.*, Case No. 04-01312 JW (N.D. Cal.)

Dear Mr. Glanzberg:

Please be advised that this law firm represents Massachusetts Mutual Life Insurance Company ("MassMutual") with respect to a Keeper of Records subpoena (the "Subpoena") served upon it in the matter entitled, *Mendez v. UnumProvident Corp.*, Case No. C 04-01312 JW, which is pending in the United States District Court for the Northern District of California.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, MassMutual hereby objects to the Subpoena on several grounds. As an initial matter, the Subpoena fails to comply with Fed. R. Civ. P. Rule 45(a)(2) in that it seeks the production of documents in California, not Massachusetts. See Fed. R. Civ. P. 45(a)(2) ("If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made."). Because the Subpoena was issued from the U.S. District Court for the District of Massachusetts and production is to be made in California, the Subpoena fails to comply with Rule 45(a)(2). Additionally, the Subpoena, as served, does not give MassMutual sufficient time to respond. See Fed. R. Civ. P. 45(c)(3)(A)(i).

These procedural objections are made in addition to any attorney-client privilege or work product objections that may exist with respect to the information sought by the Subpoena, and/or any confidentiality orders to which MassMutual may be subject.

Accordingly, pursuant to Fed. R. Civ. P. 45(c)(2)(B), MassMutual will not produce the subpoenaed documents absent a court order.

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS, NJ | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

PRV_733269_1/DALT

# Edwards &Angell LLP

May 24, 2005
Page 2


Should you have any questions regarding the matter, please do not hesitate to contact me.

Very truly yours,

*Darlene K. Alt*

Darlene K. Alt


cc: Stephen M. Prignano, Esq.

1  JOSEPH W. COTCHETT (36324)
   NIALL P. McCARTHY (160175)
2  BARBARA L. LYONS (173548)
   **COTCHETT, PITRE, SIMON & McCARTHY**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA 94010
   (650) 697-6000
5
   Attorneys for Disclosed Expert
6  STEPHEN D. PRATER

7

8                **UNITED STATES DISTRICT COURT**

9                **DISTRICT OF MASSACHUSETTS**

10

11  CYNTHIA MENDEZ,                    )  United States District Court for the
                                       )  Northern District of California
12            Plaintiff,               )  Case No.: C 04 1312 JW
                                       )
13      vs.                            )  OBJECTIONS TO SUBPOENAS IN
                                       )  CIVIL CASE TO THIRD PARTY
14  UNUMPROVIDENT CORP., et al.,       )  MASSACHUSETTS MUTUAL LIFE
                                       )  INSURANCE COMPANY
15            Defendants.              )
                                       )  Complaint Filed: April 5, 2004
16  ─────────────────────────────     )

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO THIRD PARTY SUBPOENA

1    Pursuant to Federal Rules of Civil Procedure 26 and 45(c), retained expert

2  STEPHEN D. PRATER objects as follows to the Subpoena in a Civil Case dated May 10,

3  2005 issued by counsel to defendant UNUM PROVIDENT CORP. and served on third

4  party MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY (the "recipient").

5        1.    The subpoena is unduly burdensome to both Mr. Prater and the recipient.

6        A party or an attorney responsible for the issuance and service of a
         subpoena shall take reasonable steps to avoid imposing undue burden or
7        expense on a person subject to that subpoena. The court on behalf of which
         the subpoena was issued shall enforce this duty and impose upon the party
8        or attorney in breach of this duty an appropriate sanction, which may
         include, but is not limited to, lost earnings and reasonable attorney fees.
9

10  Fed. R. Civ. P. 45(c)(1). The subpoena fails to produce the recipient from undue burden

11  and expense, in violation of Rule 45(c)(1). In particular, the subpoena attempts to impose

12  on the recipient the unwarranted burden and expense of: (a) locating and producing

13  documents that Unum cannot show are relevant to any claim or defense in *Mendez v.*

14  *Unum*; (b) reviewing its files to determine whether the documents sought contain private

15  personal information and/or are subject to any protective order or confidentiality

16  agreement; (c) requesting the permission of third persons to produce any private,

17  confidential or protected material, or in the alternative, obtaining leave of court to

18  produce those documents; (d) conducting a privilege review of those documents; and (e)

19  preparing them for production. Defendants cannot justify the burden sought to be

20  imposed with reference to any legitimate discovery need in *Mendez v. Unum*.

21        2.    The discovery sought is cumulative. *See* Fed. R. Civ. P. 26(b)(2)(i). In a

22  May 10, 2005 subpoena addressed to Mr. Prater and mailed to Plaintiff's counsel on

23  May 11, 2005 but not yet served on Mr. Prater, defendants demanded the very same

24  documents from Mr. Prater as they demand of the recipient. Serving a demand for the

25  same documents in two different districts unduly burdens the recipient, particularly where

26  defendants simultaneously ask for the same documents from Mr. Prater.

27        3.    The subpoena improperly seeks to circumvent the process for expert

28  witness discovery provided by the Federal Rules of Civil Procedure. Among other things,

LAW OFFICES
COTCHETT,
RE, SIMON &
ACCARTHY

OBJECTIONS TO THIRD PARTY SUBPOENA                                          1

1    it is clear that a party may not use a bare subpoena *duces tecum* to obtain access to an

2    expert's documents.   *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Virginia 1992).

3            4.    The subpoena seeks documents that are neither relevant or material to any

4    claims and/or defenses in this action, nor reasonably calculated to lead to the discovery of

5    admissible evidence, in violation of Federal Rule of Civil Procedure 26(b)(2).  The

6    subpoena impermissibly seeks information about advice rendered to other insurance

7    companies than defendants, the practices of insurance companies other than defendants,

8    or the fact-intensive claims of persons other than plaintiff.  Compelling such discovery

9    "would unnecessarily burden litigation with pre-trial inquiry into facts and issues wholly

10   irrelevant to the case at hand. Defendants' general contention that they are entitled to

11   develop material to be used during cross-examination does not convince this court to

12   articulate a new general rule favoring burdensome production and deposition." *In re Air*

13   *Crash Disaster at Stapleton International Airport, Denver, Colorado on November 15,*

14   *1987,* 720 F.Supp. 1442, 1444 (D. Colo.1988).

15           5.    The subpoena impermissibly demands production of documents other than

16   those considered in preparing his opinion in the above-captioned matter. While

17   Mr. Prater's composite knowledge and experience may be reflected to some degree by

18   reviewing every document he has ever read or authored, this fact does not make every

19   such document discoverable.  In that connection, the Expert Report of Stephen D. Prater

20   dated April 29, 2005 (the "Prater Report") specifically notes that:

21           My anticipated opinions in this matter are based on my review of the case
         specific documents provided by counsel and identified above, my review of
22       the 100,000+ documents which form a part of my composite knowledge,
         my work on other cases involving defendants, and my education,
23       background, training and experience.

24   Prater Report, at p. 3.  Mr. Prater thus clearly distinguishes materials considered in

25   connection with the Prater Report from those that form part of his composite knowledge.

26           6.    The subpoena is overbroad as to time, and seeks to circumvent the temporal

27   limitations on expert disclosures specified by Federal Rule of Civil Procedure 26(a)(2).  Federal

28   Rule of Civil Procedure 26(a)(2) limits an expert's disclosures of prior depositions or testimony

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

OBJECTIONS TO THIRD PARTY SUBPOENA                                              2

1  to the preceding four years. That disclosure is sufficient to show the existence and nature of any

2  relationship between the retaining party and the expert, which is the purpose of that disclosure.

3  As a consequence, the information sought from the recipient is not a proper subject of discovery

4  in *Mendez v. Unum*.

5        7.    By demanding documents reflecting Mr. Prater's analysis, legal reasoning and

6  conclusions in matters in which he rendered legal advice other than as a retained expert, the

7  subpoena improperly seeks to invade the attorney work product immunity, in violation of Federal

8  Rule of Civil Procedure 26(b)(3).

9        8.    To the extent that it demands production of opinions Mr. Prater has rendered other

10  than as a testifying expert, the subpoena exceeds the express limits of Federal Rule of Civil

11  Procedure 26(b)(4)(B).

12        9.    Mr. Prater objects to the subpoena to the extent that it calls for the

13  disclosure of information that is protected by the attorney-client privilege.

14        10.    Mr. Prater objects to the subpoena to the extent that it seeks documents that

15  are the subject of any confidentiality agreement or protective order issued by any court.

16        11.    Mr. Prater objects to the subpoena to the extent that it seeks to invade the

17  personal privacy of any person other than the plaintiff with respect to whose insurance

18  claims Mr. Prater has rendered advice.

19        12.    Mr. Prater objects to each Request which is harassing, vexatious or

20  constitutes an attempt to annoy, harass and/or embarrass Mr. Prater and the recipient.

21        13.    The subpoena is a willful, calculated attempt to invade Mr. Prater's

22  constitutional right to financial privacy. Unum's counsel abuses the subpoena power by

23  demanding Mr. Prater's personal financial information through requests for Mr. Prater's

24  billing records and "tax records including all 1099's, W-2's or other tax reporting

25  form[s]." Those requests attempt to intrude into Mr. Prater's privacy in violation of

26  Article 1, section 1 of the California Constitution. *See Brown v. Superior Court*, 71

27  Cal.App. 2d 141 (1977). *Davis v. Leal*, 43 F.Supp.2d 1102 (E.D. Cal. 1999). Unum

28  cannot show that the personal financial information sought is relevant to any claim or

LAW OFFICES
COTCHETT,
RE, SIMON &
MCCARTHY

OBJECTIONS TO THIRD PARTY SUBPOENA               3

1    defense in this action, and therefore is not entitled to that information. *See Valley Bank of*

2    *Nevada v. Superior Court*, 15 Cal.3d 652, 656 (1975); *Ceramic Corp. of America v. Inka*

3    *Maritime Corp. Inc.*, 163 F.R.D. 584 (C.D. Cal.1995). Here, it is no more proper for

4    Unum to attempt to obtain that private information from the subpoenaed party than it

5    would be for it to demand that information from Mr. Prater. *Fortunato v. Superior Court*,

6    114 Cal.App.4th 475 (2003). While Mr. Prater's compensation for his "study and

7    testimony" in *Mendez v. UnumProvident* is subject to discovery and being disclosed

8    pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), information about his personal

9    income is not.

10   14.    Unum's counsel abuses the subpoena power by demanding Mr. Prater's personal

11   financial information through requests for Mr. Prater's billing records and "tax records including

12   all 1099's, W-2's or other tax reporting form[s]." Those requests attempt to intrude into

13   Mr. Prater's privacy in violation of Article 1, section 1 of the California Constitution. *See Brown*

14   *v. Superior Court*, 71 Cal.App. 2d 141 (1977). *Davis v. Leal*, 43 F.Supp.2d 1102 (E.D. Cal.

15   1999). Unum cannot show that the personal financial information sought is relevant to any claim

16   or defense in this action, and therefore is not entitled to that information. *See Valley Bank of*

17   *Nevada v. Superior Court*, 15 Cal.3d 652, 656 (1975); *Ceramic Corp. of America v. Inka*

18   *Maritime Corp. Inc.*, 163 F.R.D. 584 (C.D. Cal.1995). Here, it is no more proper for Unum to

19   attempt to obtain that private information from the subpoenaed party than it would be for it to

20   demand that information from Mr. Prater. *Fortunato v. Superior Court*, 114 Cal.App.4th 475

21   (2003). While Mr. Prater's compensation for his "study and testimony" in *Mendez v.*

22   *UnumProvident* is subject to discovery and being disclosed pursuant to Federal Rule of Civil

23   Procedure 26(a)(2)(B), information about his personal income is not.

24   15.    Unum's counsel have exercised the subpoena power in a manner abhorrent to

25   Mr. Prater's due process rights. In particular, they attempt to use the subpoena power to obtain

26   his personal financial records and attorney work product without first serving him with notice of

27   the subpoena, in an apparently calculated attempt to impair his ability to timely object.

28

1    16.    The subpoena constitutes an abuse of the subpoena power by an officer of the

2  court.  By knowingly imposing on the recipient the unnecessary and unjustifiable burden of

3  providing documents well outside the scope of discoverable information, defense counsel makes

4  a calculated decision to interfere with Mr. Prater's relationship with the recipient, harass

5  Mr. Prater, and attempt to deter him from testifying in this matter.  In addition, the service of

6  multiple requests for the same documents in multiple jurisdictions appears calculated to subject

7  Mr. Prater to the burden and expense of defending his right to personal privacy and attorney work

8  product in multiple jurisdictions.  Defense counsel's failure and refusal to withdraw the subpoena

9  confirms that improper purpose.

10  Dated: May 25, 2005                         **COTCHETT, PITRE, SIMON & McCARTHY**

11

12                                              By:    _Barbara Lyons_
                                                       Barbara L. Lyons
13                                                     Attorneys for Disclosed Expert
                                                       STEPHEN D. PRATER
14

15  25774

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
RE, SIMON &
McCARTHY

1

## PROOF OF SERVICE

2       I am employed in San Mateo County, which is where service of the document(s) referred to

3   below occurred.  I am over the age of 18 years and not a party to the within action.  My business

4   address is Cotchett, Pitre, Simon & McCarthy, San Francisco Airport Office Center, 840 Malcolm

5   Road, Suite 200, Burlingame, California 94010.  I am readily familiar with Cotchett, Pitre, Simon

6   & McCarthy's practices for the service of documents.  On this date, I served or caused to be served

7   a true copy of the following document(s) in the manner listed below:

8   **OBJECTIONS TO SUBPOENAS IN CIVIL CASE TO THIRD PARTY**
    **MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY**
9

10  by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or

11  manners described below to each of the parties herein and addressed as follows:

12  **xxx   BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address,
    addressed to the addressee(s) designated.  I am readily familiar with Cotchett, Pitre, Simon
    & McCarthy's practice for collection and processing of correspondence and pleadings for
13  mailing.  It is deposited with the United States Postal Service on that same day in the
    ordinary course of business.
14

15                          **[SEE ATTACHED SERVICE LIST]**

16  _____  **BY FACSIMILE:** I am readily familiar with Cotchett, Pitre, Simon & McCarthy's practice
    for causing documents to be served by facsimile.  I caused said document(s) to be
17  transmitted to the telephone number(s) of the addressee(s) designated.

18                          **[SEE ATTACHED SERVICE LIST]**

19  _____  **BY OVERNIGHT COURIER SERVICE:** I am readily familiar with Cotchett, Pitre,
    Simon & McCarthy's practice for causing documents to be served by overnight courier.
    Following that practice, I caused such envelopes to be delivered via overnight courier
20  service to the addressee(s) designated.

21

22      I declare under penalty of perjury, under the laws of the United States of America, that the

23  foregoing is true and correct.  Executed at Burlingame, California, on May 25, 2005.

24

25

26                                          Tracy L. Lim

27

28                          PROOF OF SERVICE
                                   1

1

2                              **SERVICE LIST**

3   *BY U.S. MAIL*
    **Richard Henry Friedman**
4   **Jeffrey K. Rubin**
    Friedman Rubin & White
5   1126 Highland Avenue
    Bremerton, Wa 98337
6   (360) 782-4300
    Fax: 360-782-4358
7   Email: rfriedman@frwlaw.us

8
    *BY U.S. MAIL*
9   **Robert Herbert Bohn Snr.**
    Bohn & Bohn
10  152 N. Third Street, Suite 200
    San Jose, CA 95112
11  (408) 279-4222
    Fax: 408-295-2222
12  Email: bbohn@bohnlaw.com

13  *BY U.S. MAIL*
    **John C. Ferry**
14  **Michael G. Glanzberg**
    **Thomas M. Herlihy**
15  Kelley, Herlihy & Klein LLP
    44 Mongomery Street, Suite 2500
16  San Francisco, CA 94104
    (415) 951-0535
17  Fax: 415-391-7808
    Email: jferry@kelher.com
18

19

20

21

22  25898.1

23

24

25

26

27
                         **PROOF OF SERVICE**
28                              2