UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYNTHIA MENDEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States District Court for the |
| | ) | Northern District of California |
| UNUM PROVIDENT CORPORATION; | ) | Case No. C04-01312 JW |
| PROVIDENCE LIFE & ACCIDENT | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

### MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO UNUM PROVIDENT CORPORATION AND PROVIDENT LIFE & ACCIDENT COMPANY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Massachusetts Mutual Life Insurance Company ("MassMutual") submits this Opposition in response to Defendants Unum Provident Corporation and Provident Life & Accident Insurance Company's ("Defendants") Motion to Compel MassMutual to produce certain documents in response to a subpoena *duces tecum* (the "Subpoena") served upon it in the above-captioned matter. Because the Defendants also have served subpoenas on other individuals or entities throughout the United States seeking information similar (if not identical) to the information sought in the Subpoena and that also are the subject of similar motions to compel and objections filed thereto, MassMutual submits that in the interests of judicial economy this Court should defer its decision with respect to the Subpoena until those courts have ruled with respect to the controversy.

### Facts

On May 10, 2005, the Defendants served the Subpoena upon MassMutual, seeking various documents reflecting services rendered by Stephen D. Prater. Plaintiff Cynthia Mendez ("Plaintiff") has disclosed Mr. Prater an expert witness in the above-captioned matter. In his

expert disclosure, Mr. Prater indicated to the Defendants that, along with other individuals and

entities, he has been retained by MassMutual to provide services in connection with their

disability insurance line of business.  According to the Defendants, they seek information

relating to Mr. Prater in MassMutual's possession in order to explore bias and credibility issues

that may exist with respect to Mr. Prater's role as an expert witness on behalf of the Plaintiff.  On

May 24, 2005, MassMutual served written objections upon the Defendants' counsel in

California.

The Defendants also served a subpoena directly on Mr. Prater in California on May 10,

2005 (the "California Subpoena"), seeking documents that are substantially similar to the

documents sought from MassMutual under the Subpoena.  Mr. Prater also served written

objections upon the Defendants.  The Defendants have now filed motions to compel responses to

both of these subpoenas: the motion to compel Mr. Prater's responses to the California Subpoena

is pending in the Northern District of California, and the motion to compel MassMutual's

responses to the Subpoena is pending in this Court.[1]  The motion to compel Mr. Prater to

produce documents pursuant to the California Subpoena, and the objection filed thereto, is

scheduled to be heard on July 5, 2005, in the Northern District of California.

## Discussion

MassMutual submits that this Court should defer hearing and deciding the Defendants'

Motion to Compel documents pursuant to the Subpoena until the Northern District of California

has had an opportunity to rule on the merits of the California Subpoena.  Such a decision is

clearly within this Court's authority.  See Salomon S.A. v. Scott USA Ltd. P'ship, 117 F.R.D.

320, 321 (D. Mass. 1987) ("A district court may, in its discretion, defer or abate proceedings

---

[1] MassMutual is also aware of several other motions to compel documents pursuant to other subpoenas issued in the above-captioned case are also pending in other federal courts around the United States, including the Western District of Washington.

PRV_740585_1.DOC/RRIPPLE

where another suit, involving identical issues, is pending in either a federal or state court, and where it would be duplicative, uneconomical, and vexatious to proceed otherwise") (citing Blinder, Robinson & Co., Inc. v. U.S.S.E.C., 692 F.2d 102, 106 (10th Cir. 1982)); Boston & Maine Corp. v. United Transp. Union, 110 F.R.D. 322, 329 (D. Mass. 1986) (holding that "considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously" in order to avoid inconsistent results); see generally Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The Subpoena and the California Subpoena seek the same documents from MassMutual and Mr. Prater regarding Mr. Prater's expertise in the area of disability insurance.  The Northern District of California will be the first court to address issues relating to this controversy given that the motion with respect to the California Subpoena, and the objections filed thereto, will be heard on July 5, 2005.  Moreover, the Northern District of California is also the court with the most familiarity with the issues in the above-captioned matter, given that the case in which the subpoenas were issued is pending in that District.  Mr. Prater has timely objected to the California Subpoena and responded to the motion to compel by submitting a comprehensive opposition, and therefore all sides to this controversy will adequately have their objections addressed during the hearing in the Northern District of California.  (A copy of Mr. Prater's opposition is attached hereto, and incorporated herein in full, as Exhibit A).  Furthermore, if this Court were not to defer decision on the matter until after the Northern District of California has ruled on the matter, there runs the risk of inconsistent rulings being reached with respect to the same controversy.  See Boston & Maine Corp., 110 F.R.D. at 329.  Accordingly, MassMutual

PRV_740585_1.DOC/RRIPPLE

submits that this Court should defer hearing and ruling on the Defendants' Motion to Compel until after the Northern District of California has ruled on the motion to compel and objections filed thereto pending in its court.

### Conclusion

For the foregoing reasons, this Court should defer decision on the Defendants' Motion to Compel MassMutual to produce documents pursuant to the Subpoena until the Northern District of California has ruled on the motion to compel and objections filed thereto pending in that court.  In the alternative, MassMutual submits that this Court should deny the Defendants' Motion to Compel.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

By its Attorneys,


/s
_____
Stephen M. Prignano (BBO #645581)
Raymond M. Ripple (BBO #650951)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274 –9200
(401) 276-6611 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>1st</u> day of July, 2005, I caused a copy of the foregoing to be mailed by regular mail, postage prepaid to the following:

Joseph M. Hamilton, Esq.
Kristina H. Allaire, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

/s

_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYNTHIA MENDEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States District Court for the |
| | ) | Northern District of California |
| UNUM PROVIDENT CORPORATION; | ) | Case No. C04-01312 JW |
| PROVIDENCE LIFE & ACCIDENT | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT A**

1  JOSEPH W. COTCHETT (36324)
   NIALL P. McCARTHY (160175)
2  BARBARA L. LYONS (173548)
   **COTCHETT, PITRE, SIMON & McCARTHY**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA  94010
   (650) 697-6000
5
   Attorneys for Disclosed Expert
6  STEPHEN D. PRATER

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  CYNTHIA MENDEZ,                        )  Case No.:  C 04 1312 JW
                                           )
12          Plaintiff,                     )  **STEPHEN D. PRATER'S OPPOSITION**
                                           )  **TO MOTION TO COMPEL**
13      vs.                                )  **PRODUCTION OF DOCUMENTS**
                                           )  **PURSUANT TO SUBPOENA IN A**
14  UNUM PROVIDENT CORP., et al.,          )  **CIVIL CASE**
                                           )
15          Defendants.                    )  Hearing Date: July 5, 2005
                                           )  Time:          10:00 a.m.
16                                         )  Courtroom:    2
                                           )
17  _____  )  Complaint Filed: April 5, 2004

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**

1

## **TABLE OF CONTENTS**

2
Page(s)

3    I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    II.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5          A.    Unum Failed to Serve the Subpoena on Mr. Prater. . . . . . . . . . . . . . . . . . . . . . . 3

6          B.    Contrary to Unum's Representations, Mr. Prater Served Objections to the
               Subpoena on May 25, 2005, Six Days Before Unum Filed its Motion. . . . . . . . . 3

7

8          C.    Unum's Counsel Failed to Meet and Confer on Mr. Prater's Objections
               Prior to Filing Unum's Motion, and Has Since Rebuffed All Efforts to
               Compromise. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9

10         D.    Unum Fails to Note the True Scope of Production of Documents
               Potentially Bearing on Mr. Prater's Opinions in this Matter. . . . . . . . . . . . . . . . 5

11   III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12         A.    Unum Cannot Ask this Court to Compel Discovery Where it Has Failed to
               Serve the Subpoena. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

14         B.    Unum Cannot Ask this Court to Enter a Discovery Order Where it Has
               Failed to Meet and Confer with Mr. Prater's Counsel on Mr. Prater's
               Objections    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

16         C.    A Bare Subpoena Duces Tecum Is Not the Proper Means to Challenge
               Perceived Deficiencies in an Expert Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17         D.    Unum's Motion Misleadingly Intermingles the Portions of the Prater
               Report That Recite Mr. Prater's Extensive Background and Describe His

18             Composite Knowledge with the Portions That Relate to the Facts of the
               *Mendez* Case and Materials Specifically Relied on in Preparing the Report . . . . . 7

19

20         E.    Unum's Dissatisfaction with Mr. Prater's Testimony in Other Cases Is
               Irrelevant to Discovery in this Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

21         F.    Unum Impermissibly Seeks to Evade the Discovery Limitations of Federal
               Rule of Civil Procedure 26(b)(4)(B) by Demanding Virtually All of

22             Mr. Prater's Consulting Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

23         G.    Unum Attempts to Invade Mr. Prater's Constitutionally Protected Right to
               Financial Privacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

24

25         H.    Defense Counsel Has Ignored His Responsibility to Avoid Undue Burden
               to the Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

26         I.    Unum Cannot Justify a Motion to Compel Production of Documents it
               Either Has Received or Will Be Receiving . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

27

28         J.    Unum Has Failed to Show that This Court Should Compel Discovery as to
               Any Request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

⊕
LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE

1      K.    This Court Should Order Unum and its Counsel to Bear Mr. Prater's Costs
             in Connection with this Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

2
   IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
### CALIFORNIA CONSTITUTION

4
Cal. Const. Art I, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

5
### CASES

6
*Beamm System, Inc. v. Checkpoint Systems,*
7       1997 WL 364081, *2 (C.D. Cal. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8
*Brown v. Superior Court,*
        71 Cal.App. 2d 141 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9
*Campbell v. State Farm Mut. Auto. Ins. Co.,*
10      65 P.2d 1134 (Utah 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11
*Ceimo v. General American Life Insurance Co.,*
        2003 WL 24027024 (D. Ariz. 2003), *appeal pending* . . . . . . . . . . . . . . . . . . . . . . . . . . 1

12
*Ceramic Corp. of America v. Inka Maritime Corp. Inc.,*
13      163 F.R.D. 584 (C.D. Cal.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

14
*Chapple v. State of Alabama,*
        174 F.R.D. 698 (M.D. Ala. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15
*Cunningham v. Hamilton County,*
16      527 U.S. 198 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

17
*Davis v. Leal,*
        43 F.Supp.2d 1102 (E.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18
*Edwards v. Scott Paper Co.,*
19      1997 WL 288578 (E.D.Pa.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20
*Fortunato v. Superior Court,*
        114 Cal.App.4th 475 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21
*Gillespie v. Sears, Roebuck & Co.,*
22      386 F.3d 12 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

23
*In re Leap Wireless Int'l,*
        301 B.R. 80 (S.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24
*Intercargo Insurance Co. v. Burlington Northern Santa Fe Railroad,*
25      185 F.Supp.2d 1103 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26
*Marsh v. Jackson,*
        141 F.R.D. 431 (W.D. Virginia 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

27
*Reygo Pac. Corp. v. Johnston Pump Co.,*
28      6780 F.2d 647 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**

1   *Rickels v. City of South Bend, Indiana,*
2       33 F.3d 785 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

3   *Smith v. Transducer Technology, Inc.,*
        2000 WL 1739217 at *1 (D. V.I. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4   *Strong v. Unum Provident Corp.,*
5       2005 WL 1140650 (D. Ohio 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6   *Sullivan v. Glock,*
        175 F.R.D. 497 (D. Maryland 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

7   *Valley Bank of Nevada v. Superior Court,*
8       15 Cal.3d 652 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9   **STATUTES AND RULES**

10  Civ. L.R. 37-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11  Civ. L.R. 37-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

12  Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 13, 15

13  Fed. R. Civ. P. 26(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 10, 11, 13

14  Fed. R. Civ. P. 26(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15  Fed. R. Civ. P. 26(b)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13, 14

16  Fed. R. Civ. P. 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

17  Fed. R. Civ. P. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18  Fed. R. Civ. P. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

19  Fed. R. Civ. P. 37(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

20  Fed. R. Civ. P. 37(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21  Fed. R. Civ. P. 37(a)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

22  Fed. R. Civ. P. 37(a)(4)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

23  Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

24  Fed. R. Civ. P. 45(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

25  Fed. R. Civ. P. 45(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18

26
27
28

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**

1

**OTHER AUTHORITIES**

2

8 Charles & Wright, Arthur R. Miller and Richard L. Marcus,
        Fed. Prac. & Proc. Civ.2d § 2031 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide:
        Fed. Civ. Pro. Before Trial (The Rutter Group 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**

**I.**

**INTRODUCTION**

In April 2003, a Nevada jury awarded Joanne Ciemo $79 million in punitive damages against three Unum Provident Corporation affiliates, including defendant Provident Live & Accident Insurance Company.[1] Stephen Prater was the plaintiff's expert in that case – as well as numerous others in which defendants Unum Provident Corporation and Provident Life & Accident Insurance Company (collectively, "Unum") or their affiliates have been found liable for insurance bad faith. It is Unum's ire at these awards, rather than any *bona fide* need for discovery, that drives the instant motion to compel. Indeed, despite a cursory (and often inaccurate) nod to case authority applying the *Daubert/Kumho* standards, Unum is strangely silent on the connection of the extraordinarily voluminous discovery sought to the facts of this case. Unum devotes the vast majority of its arguments to attacking Mr. Prater personally. Nowhere does Unum establish any connection between the discovery sought, the facts of this case, or Mr. Prater's opinions about those case-specific facts. Unum's motion fairly trumpets, rather than attempts to justify, the outlandish burden it seeks to impose on Mr. Prater.

Unum's improper purpose of burden and harassment readily appears from the procedural irregularity of this motion and halfhearted attempt to cure the blatant misrepresentations to this Court. Unum never even served the subpoena on Mr. Prater. In its May 31, 2005 moving papers, Unum ignored not only that threshold failure, but written objections to the subpoena served on May 25, 2005. Unum's initial separate statement under Local Rule 37-2 mischaracterizes a May 20, 2005 meet and confer letter from Mr. Prater's counsel as setting forth Mr. Prater's only objections to the subpoena. When Unum amended the separate statement two days later, its arguments were almost identical to the arguments advanced in its initial statement.

---

[1]     *See Ceimo v. General American Life Insurance Co.*, 2003 WL 24027024 (D. Ariz. 2003), *appeal pending*. It is no coincidence that Unum accuses Mr. Prater of evading its questions *Ceimo* and other actions in which it has been found liable. *See* Declaration of John T. Burnite in Support of Motion to Compel Production of Documents Pursuant to Subpoena Served on Stephen D. Prater, dated May 31, 2005 ("Burnite Decl."), Exhibits 4-7.

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                1

1  In other words, Unum continued to effectively ignore Mr. Prater's objections. To this day,

2  Unum's counsel has not addressed with Mr. Prater's counsel the content of those objections.

3      Unum's counsel's supplemental declaration asserts he was "mistaken" concerning the

4  meet and confer process (as to which he previously declared under penalty of perjury that he had

5  personal knowledge). The asserted "mistake" is in fact an admission that there had been no meet

6  and confer. Still, Unum demands that this Court ignore its counsel's having abstained from the

7  required meet and confer – conduct that precludes consideration of Unum's motion. Squarely

8  rejecting the better course, which would have been to withdraw the motion and engage in the

9  *bona fide*, good faith meet and confer efforts this Court's rules require, Unum persists with its

10  premature and improper motion.

11      Even as it persists with a motion on the May 10 subpoena, has (a) served a deposition

12  notice on plaintiff's counsel, demanding the same documents as the subpoena demands, and (b)

13  concurrently issued a second subpoena to Mr. Prater, again with the very same, impermissibly

14  burdensome and overly broad requests. Unum persists despite the production of *every*

15  *document Ms. Mendez' counsel provided to Mr. Prater!*

16      Nor has Unum confined its discovery abuse to this District. A spate of third party

17  subpoenas[2] demand from Mr. Prater's clients and Ms. Mendez counsel some of the very

18  documents Unum improperly attempted to obtain from Mr. Prater by subpoena. Unum is not

19  pursuing legitimate discovery; it is pursuing a vendetta. To the extent that this Court considers

20  Unum's motion, it should also enter protective orders both protecting Mr. Prater from Unum's

21  abuse of the discovery process and precluding Unum from pursuing any futher discovery of

22  Mr. Prater's clients.

23  / / /

24  / / /

25  / / /

26

27      [2]    *See* Declaration of Barbara Lyons in Support of Stephen D. Prater's Opposition to
28  Motion to Compel Production of Documents Pursuant to Subpoena dated June 14, 2005("Lyons
Decl."), Exhibits A-E.

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    2

## II.

## STATEMENT OF FACTS

**A.    Unum Failed to Serve the Subpoena on Mr. Prater.**

Unum never delivered the May 10 Subpoena to Mr. Prater. Lyons Decl., ¶ 3. Instead, it mailed a copy to Ms. Mendez' counsel. Although plaintiff's counsel agreed to accept service of a deposition notice, there was no agreement to accept service of a subpoena. As a result, there was no validly issued and served subpoena when Unum filed this motion.

There is no doubt that Unum's counsel is fully aware of the defect in service. Indeed, it issued a second, essentially identical subpoena on May 27, 2005.[3] There would have been no need to issue the May 27, 2005 subpoena – *after* Mr. Prater served his objections and *before* Unum filed its motion to compel – had Unum in fact served the May 10, 2005 subpoena.

**B.    Contrary to Unum's Representations, Mr. Prater Served Objections to the Subpoena on May 25, 2005, Six Days Before Unum Filed its Motion.**

Unum's May 31, 2005 Memorandum of Points and Authorities in Support of Motion to Compel Stephen D. Prater's Production of Documents Pursuant to Subpoena Duces Tecum (the "Unum MPA") falsely asserts that Mr. Prater "has not provided specific written objections to the [80] categories of documents" listed in the subpoena.[4] While Unum provided a supplemental declaration of counsel and separate statement after being asked to withdraw its false filing, it has not withdrawn the false statements contained in its Memorandum of Points and Authorities.

**C.    Unum's Counsel Failed to Meet and Confer on Mr. Prater's Objections Prior to Filing Unum's Motion, and Has Since Rebuffed All Efforts to Compromise.**

Unum filed its motion without any meet and confer whatsoever on Mr. Prater's May 25, 2005 objections, falsely represented to this court that it had met and conferred,[5] and attempted to obscure that failure by filing a separate statement that mischaracterizes as objections the content

---

[3]    Lyons Decl., Exh. F.

[4]    Unum MPA at 3:8-9, 8:22-23; *see* Lyons Decl., ¶ 7.

[5]    *See* Unum MPA at 3:10-11.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE                    3

1  of an initial letter from Mr. Prater's counsel. Unum's supplemental filing confirms, rather than

2  cures, its counsel's failure to meet and confer.

3        Despite that reality, on June 8, 2005, Unum's counsel wrote to plaintiff's counsel that,

4  "discussions regarding Mr. Prater's own production of documents in response to his subpoenas

5  appear to have resulted in a freeze in the parties' respective positions." Lyons Decl., Exh. J. As

6  of that date, Unum's counsel had not corresponded at all with Mr. Prater's counsel concerning

7  the May 25 objections to the subpoena, Mr. Prater's counsel's May 27, 2005 letter to Unum's

8  counsel, or Mr. Prater's counsel's May 31, 2005 letter to Unum's counsel.[6] Indeed, defense

9  counsel Michael Glanzberg did not contact Mr. Prater's counsel about the May 25 objections at

10  all until June 10, 2005.[7]

11        Unum's abstention from the mandatory meet and confer process has hampered resolution

12  of this matter. By letter dated June 2, 2005, plaintiff's counsel offered to produce documents in

13  several of the 80 subpoena categories at Mr. Prater's deposition.[8] The requests as to which

14  plaintiff's counsel agreed to produce nonprivileged documents were in fact the only categories as

15  to which Unum would have had any colorable argument supporting production had it served the

16  subpoena on Mr. Prater.[9] Unum asks this Court to devote time to considering and ruling

17  requests, any prior controversy concerning which is now moot.

18  ///

19  ///

20  ///

21

22        [6]    Lyons Decl., ¶ 10.

23        [7]    *See* Lyons Decl., ¶¶ 9-13 and Exhibits G-L; *see also id.*, ¶ 14 and Exh. M.
24  Defense counsel Michael Glanzberg's June 10, 2005offer to meet and confer – coupled with a
   refusal to withdraw the improvidently filed motion – does not cure the prior failure to meet and
25  confer.

26        [8]    *See* Lyons Decl., Exh. I.

27        [9]    *See* Lyons Decl., Exhibit N. Even responding to that much shorter subpoena,
   Mr. Prater took at least eight boxes of documents to his deposition. Lyons Decl., ¶ 15. Defense
28  counsel admits that he neither copied nor reviewed the documents once produced. *Id.*; *see also*
   Lyons Decl., Exh. M.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                                      4

**D.    Unum Fails to Note the True Scope of Production of Documents Potentially Bearing on Mr. Prater's Opinions in this Matter.**

Mr. Prater's report included not only the text Unum's counsel submits as his Exhibit 1, but four volumes of supporting materials as well.[10] In addition to those materials, plaintiff's counsel has produced or agreed to produce to defense counsel *all* materials provided to Mr. Prater in connection with ths matter.[11]

## III.

## ARGUMENT

Unum's moving papers read as a motion *in limine*, rather than a motion to compel.[12] Clearly communicating its discontent with Mr. Prater's status as a recognized expert on insurance bad faith, Unum is silent on the nexus between its 80 broad-ranging subpoena topics, the scope of relevant discovery generally, and the requirements of an expert report under Federal Rule of Civil Procedure 26. Similarly, Unum fails to elaborate what materials in addition to those appended to the Prater report, produced by plaintiff's counsel, or agreed to be produced at the Prater deposition, justify the substantial burden they ask this Court to impose on Mr. Prater.

Even if Unum had articulated a coherent theory of discovery necessity and addressed the issue of burden, it would be premature for this Court to address Unum's motion. Unum never served the subpoena on Mr. Prater, and abstained from any meet and confer with Mr. Prater's counsel before filing its motion. Unum cannot be heard to argue that this Court need devote its resources to an 80-item subpoena, where Unum stands in contempt of this Court's rules.

/ / /

/ / /

/ / /

---

[10]    Lyons Decl., ¶ 2.

[11]    *See* Lyons Decl., Exhs. U.

[12]    Because this is a discovery motion, this briefing does not separately address Unum's authorities. None of those authorities amplify the expert disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

1  **A.    Unum Cannot ask this Court to Compel Discovery Where it has Failed to Serve the Subpoena.**

2

3          Federal Rule of Civil Procedure 45(b)(1) requires service of a subpoena by personal

4   delivery to "the person named therein." Unum never delivered the May 10 Subpoena to

5   Mr. Prater.[13] Where Ms. Mendez' counsel did not agree to accept service of the subpoena,[14]

6   Unum's mailing it to plaintiff's counsel did not effect service on Mr. Prater under Rule 45.

7  **B.    Unum Cannot ask this Court to Enter a Discovery Order Where it has Failed to Meet and Confer with Mr. Prater's Counsel on Mr. Prater's Objections.**

8

9          This Court has made abundantly clear its threshold requirement that counsel meet and

10  confer *before* filing discovery motions.

11          The Court *will not entertain* a request or a motion to resolve a disclosure or
           discovery dispute unless, pursuant to FRCivP 37, counsel have *previously*
12         conferred for the purpose of attempting to resolve *all disputed issues*.

13  Civ. L.R. 37-1(a) (emphasis added). It immediately and clearly appears from Unum's moving

14  papers that there was no meet and confer whatsoever concerning the May 25, 2005 objections

15  before Unum filed its May 31, 2005 motion. Unum compounded that failure – and the deceptive

16  character of its moving papers[15] and counsel's declaration – by ignoring a written request from

17  Mr. Prater's counsel to withdraw the seriously misleading motion and engage in good faith

18  efforts to meet and confer.[16] The serial declarations from Kelly, Herlihy & Klein associate John

19  C. Ferry all but acknowledge that Unum's counsel made no effort whatsoever to meet and confer

20  with Mr. Prater's counsel concerning the Prater subpoena. Instead, asked *in writing* to confer

21  concerning the objections,[17] Unum's counsel rushed to file a motion to compel that failed to

22  reveal the existence of those objections to this Court.

23

24      [13]      Lyons Decl., ¶ 3.

25      [14]      Lyons Decl., ¶ 4.

26      [15]      *See* Unum MPA at 3:8-12.

27      [16]      *See* Lyons Decl., Exhs. G and H.

28      [17]      *See* Burnite Decl., Exh. 16.

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    6

1  **C.    A Bare Subpoena Duces Tecum is not the Proper means to Challenge Perceived**
   **Deficiencies in an Expert Report.**

2

3          Although a subpoena that otherwise meets the requirements and limitations of Federal

4  Rule of Civil Procedure 45 may be proper in conjunction with a deposition notice, a party may

5  not use a bare subpoena *duces tecum* to obtain access to an expert's documents.  8 Charles &

6  Wright, Arthur R. Miller and Richard L. Marcus, Fed. Prac. & Proc. Civ.2d § 2031 n. 8, citing

7  *Marsh v. Jackson*, 141 F.R.D. 431, 433 (W.D. Virginia 1992) (noting that Rules 26(b)(4) and 30

8  "'act as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum

9  to compel the production fo the evidence of experts retained by a party to testify at trial'"); *see*

10  *also Smith v. Transducer Technology, Inc.*, 2000 WL 1739217 at *1 (D. V.I. 2000).[18]

11          In addition, to the extent that Unum contends it is entitled to more documents as part of

12  Mr. Prater's expert disclosure, the mechanism for pursuing that discovery is a motion to compel

13  more adequate disclosure pursuant to Federal Rule of Civil Procedure 37(a)(2).  *In re Leap*

14  *Wireless Int'l*, 301 B.R. 80, 83 (S.D. Cal. 2003), citing *Intercargo Insurance Co. v. Burlington*

15  *Northern Santa Fe Railroad*, 185 F.Supp.2d 1103, 1007 (C.D. Cal. 2001) and Schwarzer,

16  Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2003),

17  ¶¶ 11:415-418 at 11-37-11-38; *Sullivan v. Glock*, 175 F.R.D. 497, 503 (D. Maryland 1997).[19]

18  **D.    Unum's Motion Misleadingly Intermingles the Portions of the Prater Report That**
   **Recite Mr. Prater's Extensive Background and Describe his Composite Knowledge**

19  **with the Portions That Relate to the Facts of the *Mendez* Case and Materials**
   **Specifically Relied on in Preparing the Report.**

20

21          Even if this Court were inclined to overlook Unum's failure to meet the threshold

22  requirements for moving to compel, Unum's representations in its moving papers cannot be

23  taken at face value.  Unum's broad generalization that its requests relate to the Prater report too

24  freely intermingles references to documents Mr. Prater relied on in rendering his opinion in this

25  ────────────────

26  [18]      Unum's reliance on *Edwards v. Scott Paper Co.*, 1997 WL 288578 (E.D.Pa.1997)
   is misplaced.  That case concerning a *party*'s obligation to respond to *interrogatories*.

27  [19]      The alternative is a motion to exclude the testimony under Federal Rule of Civil
   Procedure 37(c).  *See Chapple v. State of Alabama*, 174 F.R.D. 698, 701 (M.D. Ala. 1997)

28  (failure to make required disclosures was "irritating but harmless").

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION**
**OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    7

1  case with those that are part of Mr. Prater's composite knowledge. Unum broadly categorizes *all*

2  of the 80 subpoena categories as demanding "documents upon which [Mr. Prater] relied in

3  formulating his opinions."[20] However, Unum fails to make a particularized showing of need in

4  relation to either the expert disclosure standards of Federal Rule of Civil Procedure 26(a)(2)(B)

5  or Rule 26's broader relevance standard. Unum's facile argument that its requests "specifies a

6  page/paragraph number or exhibit letter"[21] masks the fact that all but a handful of requests

7  demand documents Mr. Prater referenced as part of his composite knowledge. That distinction

8  has previously been recognized in a dispute involving the very parties to this motion:

9  > Prater's exposure to designated information from the <u>Abramowitz</u> case and
   > 100,000 other documents contributed to his expert knowledge regarding

10 > Defendant.... Like any well skilled expert witness, Prater relied on general
   > information from the <u>Abramowitz</u> case, and other cited sources, to form his

11 > composite expert opinions.[22]

12 **E.     Unum's Dissatisfaction with Mr. Prater's Testimony in Other Cases is Irrelevant to
        Discovery in this Action.**

13

14        Unum devotes far too much of its moving papers – and demands far too much of this

15  Court's attention – to arguing (a) Mr. Prater's career history,[23] (b) similarities between

16  Mr. Prater's reports and testimony in different actions,[24] (c) that Mr. Prater is likely "relying on

17  ─────────────────

18     [20]    Unum MPA at 6:3-5; *see also id.* at 6:11-12.

19     [21]    *See* Unum MPA at 5:16-20.

20     [22]    Lyons Decl., Exh. S, Order Denying Defendant's Motion to Enforce Protective
    Order; Denying Request for Sanctions, entered June 21, 2002 in *Abramowitz v. National Life
21  Insurance Co.*, S.D. Cal. Case No. 00-CV-0906 W (LAB), at 5:14-20.

22     [23]    *See* Unum MPA at 2:7-9, 4:17-18

23     [24]    *See* Unum MPA at 2:10, 4:18-23, 5:9-13, 6:25-26, 7:3-4, 9:2-4, 10:19.

24        Unum fails to advise this Court of the context of *Strong v. Unum Provident Corp.*, 2005
    WL 1140650 (D. Ohio 2005), which was a summary judgment order. That court did not consider
25  the admissibility or sufficiency for Rule 26 purposes of Mr. Prater's report, neither of which was
    in issue. Similarly, the court in *Strong* did not compare Mr. Prater's report to his report in any
26  other action, nor did it conclude that the report was "boilerplate."

27        Mr. Prater's discovery responses and testimony in prior actions is irrelevant to the scope
    of permissible discovery in this action. This is not the appropriate forum for disputes or residual
28  grievances concerning discovery in other actions. Nor should this Court speculate concerning
    what Mr. Prater *may* say at a deposition that has yet to take place in this case.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                              8

1    outdated data,"[25] (d) that Mr. Prater "dodges" deposition questions,[26] and (e) that Mr. Prater

2    "routinely testifies for the Friedman firm"[27]  The extensive scope of Unum's professed

3    knowledge concerning Mr. Prater's prior experience and opinions weighs *against* providing

4    discovery in this action.  Assuming, *arguendo*, a factual basis for Unum's claims, Unum must

5    have many of the very materials it asks this Court to make Mr. Prater produce.[28]

6         Nor is a motion to compel compliance with a subpoena a proper mechanism to control

7    deposition discovery.  However, Unum implicitly asks this Court to assume in advance the

8    outcome of Mr. Prater's deposition.  Here, the proper course is for Unum to take the deposition,

9    and if problems arise, meet and confer with counsel and if necessary, file a motion to compel as

10   to that testimony.

11   **F.    Unum Impermissibly Seeks to Evade the Discovery Limitations of Federal Rule of
12         Civil Procedure 26(b)(4)(B) by Demanding Virtually All of Mr. Prater's Consulting
         Documents.**

13         Unum admits that it is trying to explore Mr. Prater's consulting activities, *i.e.*, work in

14   cases where he is not a disclosed expert.[29]  There are numerous problems with this argument.  To

15   begin with, a party may not discover the work of nondisclosed experts absent a "showing of

16   exceptional circumstances [making it] impracticable for the party seeking discovery to obtain

17   facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(B).  Those

18   circumstances do not present themselves here.  More importantly, Unum makes no effort to link

19   those materials – many of which are subject to the attorney-client privilege and/or the attorney

20   work product immunity – to any legitimate need for discovery in this case.

21

22

23   [25]    *See* Unum MPA at 2:13-16.

24   [26]    *See* Unum MPA at 2:19-25, 3:6-7, 6:22-24.

25   [27]    Unum MPA at 9:13.

26   [28]    Moreover, it is Unum's burden, not Prater's, to "locate and produce documents
27   critical to challenging Prater's testimony."  *See Campbell v. State Farm Mut. Auto. Ins. Co.*, 65
     P.2d 1134, 1161 (Utah 2001), *rev'd on other grounds,* 538 U.S. 408 (2003).

28   [29]    *See* Unum MPA at 2:4-13.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    9

1   **G.    Unum Attempts to Invade Mr. Prater's Constitutionally Protected Right to
         Financial Privacy.**

2

3       Unum is admittedly embarking on an excursion into Mr. Prater's financial life, and in

4   particular what "percent" of his income comes from consulting with plaintiffs' law firms, opining

5   in plaintiffs' cases, and advising Unum's competitors.[30] However, the California Constitution

6   prohibits such wholesale invasions of personal financial privacy. Cal. Const. Art I, § 1; *see*

7   *Brown v. Superior Court*, 71 Cal.App. 2d 141 (1977). *Davis v. Leal*, 43 F.Supp.2d 1102 (E.D.

8   Cal. 1999). Unum cannot show that the personal financial information sought is relevant to any

9   claim or defense in this action, and therefore is not entitled to that information. *See Valley Bank*

10  *of Nevada v. Superior Court*, 15 Cal.3d 652, 656 (1975); *Ceramic Corp. of America v. Inka*

11  *Maritime Corp. Inc.*, 163 F.R.D. 584 (C.D. Cal.1995); *Fortunato v. Superior Court*, 114

12  Cal.App.4th 475 (2003). While Mr. Prater's compensation for his "study and testimony" in

13  *Mendez v. Unum Provident* is subject to discovery and being disclosed pursuant to Federal Rule

14  of Civil Procedure 26(a)(2)(B), information about his personal income from other sources is not.

15  **H.    Defense Counsel has Ignored his Responsibility to Avoid Undue Burden to the
         Witness.**

16

17      A party or an attorney responsible for the issuance and service of a subpoena shall
        take reasonable steps to avoid imposing undue burden or expense on a person

18      subject to that subpoena. The court on behalf of which the subpoena was issued
        shall enforce this duty and impose upon the party or attorney in breach of this duty

19      an appropriate sanction, which may include, but is not limited to, lost earnings and
        reasonable attorney fees.

20

21  Fed. R. Civ. P. 45(c)(1). Despite repeated requests, Unum's counsel has adamantly refused to

22  consider the overbroad scope and excessive burden of the subpoena. Indeed, ***Unum's moving***

23  ***papers argue that Mr. Prater must produce over 100,000 pages of documents***[31] reviewed in

24  other matters over the course of his career, as well as his law school course materials, all

25  materials on speeches he has ever given, and much of his personal financial information. That

26

27      [30]    *See* Unum MPA at 7:8-13.

28      [31]    *See* Unum MPA at 2:28-3:2.

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE                    10**

1    burden is exacerbated where in order to produce documents from other matters – matters with no

2    bearing on the facts of this case – Mr. Prater would have to first both review his files for

3    applicable protective orders and conduct a privilege review of the documents.

4        Liberally citing (and/or misciting) authorities interpreting Federal Rule of Civil Procedure

5    26(a)(2)(B), Unum never tells this Court why, (a) in light of the volume of materials Mr. Prater

6    and/or Ms. Mendez have produced, (b) given the nature and amount of Prater-related materials

7    Unum has in its own files from prior cases, and (c) considering the it needs in relation to the facts

8    of this case, it needs, wants, or could conceivably review and use the more than 100,000 pages of

9    documents it contends this Court must order Mr. Prater to produce. Indeed, Unum ignores both

10    the applicable procedural framework and the purpose for the existing rules on expert disclosure –

11    "to facilitate meaningful, and less expensive, discovery of expert opinions." *Sullivan v. Glock*,

12    175 F.R.D. 497, 499 (D. Maryland 1997).

13    **I.    Unum Cannot Justify a Motion to Compel Production of Documents it Either Has
        Received or Will Be Receiving.**

14

15        Unum has identified as documents regarding Mr. Prater's "case specific activities" in

16    *Mendez* categories 1 through 9, 13 and 79 of the Subpoena.[32] Ms. Mendez' counsel has agreed

17    to turn over all nonprivileged documents it has in all of those categories but No. 79;[33] Unum

18    *admits* that has received or will be receiving those documents.[34] Unum's only conceivable

19    purpose in (a) attempting to subpoena and (b) moving to compel production of documents it

20    already has is to burden and harass Mr. Prater.

21

22

23

24

25

26    [32]    Unum MPA at 7:17-22.

27    [33]    As to Category No. 79, Mr. Prater's objections assert that he believes Unum
        already has the documents. Burnite Decl. II, Exh. 15.

28    [34]    Unum MPA at 7:19-20; *see* Lyons Decl., Exh. I at p. 3.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    11

J.    **Unum Has Failed to Show that This Court Should Compel Discovery as to Any Request.**

Unum's broad argument in its briefing that "Category Nos. 10-12, 14-32, 64, 67-78, and 80 generally pertain to documents upon which Prater's opinions are based"[35] proves disingenuous when compared with the actual requests. In fact:

Category No. 10 *explicitly asks for 100,000 documents* that Mr. Prater specifies are (a) part of his composite knowledge, and (b) in many instances subject to protective orders. *See* Burnite Decl., Exh. 1 at p. 3.

Category No. 11 also asks for "*tens of thousands of documents*" that are <u>Unum's own</u> <u>documents</u>. As Mr. Prater's report notes, Unum has consistently refused to permit Mr. Prater to disclose those materials in discovery. Burnite Decl., Exh. 1 at p. 8; *see also* Lyons Decl., Exh. R..

Category No. 12 similarly demands the "'*hundreds of depositions*'" that form Mr. Prater's composite knowledge about Unum. *See* Burnite Decl., Exh. 1 at p. 43. In the immediately preceding sentence of that report, Mr. Prater notes (and thereby distinguishes) materials specifically relied upon in rendering his report.

Category No. 14 demands production of every protective order to which Mr. Prater is subject. There are three problems with this requests. First of all, it imposes on Mr. Prater the unjustifiable burden of culling through his files to obtain those protective orders he has retained. Unum has not shown a need for this information. Secondly, Unum's demand encompasses protective orders Unum has not only obtained, but previously sought to enforce.[36] Therefore, it is not narrowly tailored to elicit documents Unum needs, but includes documents Unum has. Finally, without a showing that Mr. Prater's work in either other Unum cases or non-Unum cases should be produced, protective orders are well beyond the bounds of relevance.

---

[35]    Unum MPA at 7:23-24.

[36]    *See* Lyons Decl., Exhs. O-R. Having prevailed on the theory that "'protective orders must be respected'" in *Forest*, Unum cannot be heard to argue that it may compel production of documents subject to those very orders. *See* Lyons Decl., Exh. R; *see also Beamm System, Inc. v. Checkpoint Systems*, 1997 WL 364081, *2 (C.D. Cal. 1997).

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    12

1        Requests Nos. 15 through 32 demand production of documents Mr. Prater read and/or

2    generated in a series of *other cases against Unum and/or its affiliates*.  To the extent that

3    Mr. Prater was a testifying expert, Unum either did or could have obtained all documents Rule

4    26(a)(2)(B) required Mr. Prater to disclose in those actions (many of which would logically have

5    originated with Unum in any event).  Moreover, as noted above, where there are protective orders

6    in place, Unum has those orders as well.  Unum is not entitled to Mr. Prater's notes from those

7    actions, because they are not "data or other information" considered in forming his opinions.  *See*

8    *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 12, 34-35 (1st Cir. 2004).   In other words, there is

9    nothing for Mr. Prater to produce here that Unum either does not have or could not as readily

10   obtain for itself.

11       Requests No. 33 and 34 admittedly encompass all of Requests Nos. 15 through 32 and

12   more, asking for everything Mr. Prater has ever written or received concerning Unum or its

13   affiliates.[37]  Here, Unum asks this Court to let it explore not only prior litigation in which

14   Mr. Prater was a disclosed expert and presumably obtained or could have obtained all discovery

15   Rule 26 permits, but any materials Mr. Prater provided in any other context.  Among other

16   things, Unum would have this Court order Mr. Prater to turn over materials from matters in

17   which he was not a testifying expert without making the required "showing of exceptional

18   circumstances [making it] impracticable for the party seeking discovery to obtain facts or

19   opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(B).  Although it is an

20   abuse of the subpoena power to attempt to circumvent explicit limits on discovery, that is

21   precisely what is happening here.

22       Requests Nos. 35 through 60 seek documents that have nothing to do with this case, as

23   Unum effectively admits.[38]  Drawing from a long list of entities Mr. Prater discloses as current or

24   former legal and/or consulting clients in the background section of his report,[39] Unum demands

25

26      [37]   Unum MPA at 7:27-8:1.

27      [38]   *See* Unum MPA at 8:2-3.

28      [39]   *See* Burnite Decl., Exh. 1 at pp. 4-6.

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION**
**OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**          13

1   essentially all documents that Mr. Prater has authored or come into contact with in his career.

2   Beyond lack of relevance and excessive breadth, these 26 categories demand privileged

3   communications and/or proprietary documents, and completely disregard the privacy rights of

4   third parties.  Where Unum seeks to probe consulting and/or attorney-client relationships

5   between Unum and the several entities he discloses in the background section of his report, [40/] it

6   clearly seeks to invade the attorney-client privilege.  Where there is a consulting agreement, the

7   subpoena effectively seeks Mr. Prater's work product and/or his clients' proprietary information

8   without either paying Mr. Prater for that work or obtaining the clients' consent.[41/]  In addition, as

9   Mr. Prater notes in his objections, where he consults on individual claims or cases, the subpoena

10  – and now the motion to compel – seeks to invade the personal privacy of the persons whose

11  cases and/or claims Unum inquires into.  Moreover, as more fully described above, Unum's

12  numerous demands for Mr. Prater's personal financial information attempt to abridge the his

13  constitutional right to financial privacy.  *See* Cal. Const. Art. 1, § 1.

14       Request No. 61,[42/] which Unum describes as calling for "the nature and extent" of

15  Mr. Prater's work for plaintiff's counsel, is among Unum's most outlandish demands.  Request

16  No. 61 is in fact a catchall demanding a decade's worth of documents "relating to any work or

17  services" Mr. Prater has performed for plaintiff's counsel Friedman, Rubin & White, including

18  Mr. Prater's compensation for those services.  It demands the Friedman firm's attorney work

19  product as to any matters in which Mr. Prater was not a disclosed expert, seeks to circumvent

20  Rule 26(b)(4)(B)'s restrictions on discovery of nondisclosed experts, and fishes for information

21  about the existence or scope of attorney-client or other privileged relationship between Mr. Prater

22  and either the Friedman firm or any client of that firm.  Here, too, Unum disregards the personal

23  privacy of any individual on whose case Mr. Prater may have consulted with the Friedman firm.

24  _____

25       [40]    As Mr. Prater's report makes clear, he was legal counsel for 20th Century
    Industries, Inc. from 199 through 2004.  *Id.* at p. 6.
26

27       [41]    This is the case as to the Civil Service Employees Insurance Company (Burnite
    Decl. Exh. 1 at pp. 5-6) and Massachusetts Mutual (*id.* at p. 6), for example.

28       [42]    *See* Unum MPA at 7:25-26.



LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE                    14**

1    Here again, Unum makes no showing of necessity to support its attempt to intrude into

2    Mr. Prater's financial affairs. *See* Cal. Const. Art. 1, § 1. That Unum provides no case authority

3    supporting this broad-ranging and intrusive request is no coincidence; what it demands not only

4    violates numerous privileges, but is well beyond what any court should permit by way of

5    discovery to probe bias.

6       Requests Nos. 62, 63, 65 and 66, which Unum describes as relevant to "Prater's

7    professional activities and background,"[43] effectively seek to close the loop on any document

8    Mr. Prater has seen or authored during his decades-long career. No authority or legitimate

9    argument supports Unum's demand for course materials Mr. Prater uses as a law professor

10   (Request No. 62), every speech he has ever given (Request No. 63), or every book he has every

11   written (Request No. 65). With Request No. 66, Unum demands *all* materials Mr. Prater relied

12   on in preparing a basic tutorial outline he uses to assist juries in understanding insurance industry

13   standards and practices.[44] As Mr. Prater noted in objecting to that request, responsive materials

14   would encompass essentially everything he has ever read or written on industry standards – in

15   other words, every document that forms a part of his composite knowledge.

16      Request No. 64 demands the transcript of every deposition Mr. Prater has ever given,

17   without regard to relevance to the facts or opinions expressed in this case, the breadth as to time

18   (over 20 years, according to Mr. Prater's report),[45] the existence of protective orders in other

19   cases, or the burden on Mr. Prater of not only locating all of those depositions, but of searching

20   his files for protective orders. Moreover, where Mr. Prater describes the depositions as part of

21   his background, rather than as documents relied on in forming his opinions, Unum has not shown

22   that they are relevant and discoverable under Rule 26.

23      Request Nos. 67-78 are *not* tailored to elicit documents Mr. Prater relied upon in

24   rendering his report.

25

26     [43]     Unum MPA at 8:4.

27     [44]     *See* Burnite Decl., Exh. 1 at p. 9.

28     [45]     Burnite Decl., Exh. 1 at p. 8.

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**        15

1       Request No. 67 asks for *all* documents Mr. Prater relied upon in preparing a report in

2   *Norcia*, a different case.  The report in this action references the report in *Norcia only* for its

3   discussion of industry standards, and attaches a copy of the report as Exhibit E.[46] By asking for

4   every document Mr. Prater relied on, Unum casts too broad a net.  First of all, it again delves into

5   case-specific issues from other matters that do not relate to the facts of this case.  More

6   importantly, as with Request No. 66, Unum effectively demands all documents that contributed

7   to Mr. Prater's composite knowledge and description of industry standards as reflected in his

8   *Norcia* report.

9       Request Nos. 68-76 and 80 ask for document supporting or "relevant to" specific

10  opinions stated in Mr. Prater's report.  To the extent directly relied upon or and not produced

11  with the report, Mr. Prater *agreed* to produce the documents upon valid service of a subpoena

12  that provided adequate time for compliance.[47] In addition, as Unum acknowledges, plaintiff's

13  counsel has since produced additional documents provided to Mr. Prater in this matter.  As to the

14  remainder of potentially responsive documents, Requests 68-76 exceed the bounds of reason in

15  their demand for documents that are effectively now part of Mr. Prater's composite knowledge,

16  such as depositions, documents and trial testimony in other cases.[48] As with Requests Nos. 15

17  through 32, Unum demands documents it has or should have, and as to which it has demanded

18  and obtained protective orders that it can as readily obtain as Mr. Prater.  Moreover, in an attempt

19  to resolve this controversy, Mr. Prater *offered* to provide his reports from other Unum cases if

20  Unum would consent to that production.  Unum's response was to file the instant motion to

21  compel with no prior meet and confer.

22      In sum, Unum's assertion that its requests are "specifically tailored to the present

23  matter"[49] is incredible.

24  _____

25      [46]   Burnite Decl., Exh. 1 at p. 15.

26      [47]   *See* Burnite Decl. II, Exh. 16, Response to Request No. 72.

27      [48]   *See* Burnite Decl., Exh. 1 at p. 2.

28      [49]   Unum MPA at 5:16-20.  References to paragraph and page numbers do not imbue
the overbroad and overreaching requests with legitimacy.  *See id.* at 5:18-19.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    16

1    Even if Unum had actually served the subpoena or met and conferred *before* moving to

2    compel, the overly generalized arguments its Amended Separate Statement advances would be

3    no more persuasive than the broad generalizations set forth in its brief.  Indeed, the lack of

4    substantive analysis devoted to the Amended Separate Statement readily appears from:  (a) the

5    extent to which it remains unchanged from the May 31, 2005 Separate Statement, despite the

6    specific and detailed objections Mr. Prater advanced; and (b) the number of requests as to which

7    Unum simply refers back to its cursory arguments on other requests.[50/]

8    **K.    This Court Should Order Unum and its Counsel to Bear Mr. Prater's Costs in
         Connection with this Motion.**

9

10    When the court denies a motion to compel,

11    [T]he court may enter any protective order authorized under Rule 26(c) and shall,
       after affording an opportunity to be heard, require the moving party or the attorney
12    filing the motion or both of them to pay the party or deponent who opposed the
       motion the reasonable expenses incurred in opposing the motion, including
13    attorney's fees, unless the court finds that the making of the motion was
       substantially justified or that other circumstances make an award of expenses
14    unjust.

15

16

17

---

18    [50]    Unum relies almost exclusively on its arguments with respect to <u>Request No. 1</u>.
19    For Requests Nos. 1 through 9, 13, 63 and 72.

20    Unum's argument on <u>Request No. 10</u> is also its argument on Requests Nos. 11, 12, 14,
       64, 65, 66, 67, 68, 69, 70, 71, 73, 74, 75, 76, 77, 78, 79, and 80.  Here, the argument remains
21    essentially unchanged from the May 31 Separate Statement, and does not address the substance
       of the May 25 objections at all.

22    For Requests Nos. 35 through 61, Unum relies on its argument with respect to <u>Request</u>
23    <u>No. 35</u> (adding a gratuitous reference to the "script" Unum contends Mr. Prater uses with respect
       to Request No. 61).  Except for its incorporation of the argument on Request No. 1, the argument
24    on Request No. 35 and the additional text on Request No. 61 also remained unchanged between
       the two submissions, signaling a decision on Unum's part not to address the objections actually
25    made.  Unum's argument on Request No. 35 also substantially duplicates portions of Unum's
       brief.  *See* Unum MPA at 6:9-7:15, 9:2-20.

26    Unum also duplicates its argument on <u>Request No. 15</u> for Requests Nos. 16 through 34.
27    At first blush, the argument appears to be new.  However, except to attempt to distinguish
       *Gillespie*, this portion of the Amended Separate Statement is little more than a cut-and-paste job,
28    importing text from Unum's Memorandum of Points and Authorities.  *See* Unum MPA at 4:6-9,
       4:12-19, 5:12-6:1.

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

---

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    17

1   Fed. R. Civ. P. 37(a)(4)(B).[51] Rule 37(a) exists to "protect courts and opposing parties from . . .

2   harassing tactics during the discovery process. *Cunningham v. Hamilton County*, 527 U.S. 198,

3   208 (1999). The court has "great latitude in imposing sanctions under Rule 37," and an award of

4   sanctions will only be reviewed for abuse of discretion. *Reygo Pac. Corp. v. Johnston Pump Co.*,

5   6780 F.2d 647, 649 (9th Cir. 1982). In that connection, the prevailing party "should be as well off

6   as if the opponent had respected his legal rights in the first place." *Rickels v. City of South Bend,*

7   *Indiana*, 33 F.3d 785, 787 (7th Cir. 1994).

8       Here, Unum and its counsel ignored the fundamental prerequisites of a motion to compel

9   compliance with a subpoena: valid service, relevance of the information sought, avoidance of

10  undue burden on the party subject to the subpoena, and good faith meet and confer *before*

11  bringing the motion. The substantial cost of defending against Unum's improper discovery

12  tactics were fully avoidable, and would have been avoided had Unum either: (a) refrained from

13  sending out an overly broad and burdensome subpoena; (b) validly served the May 10 subpoena

14  on Mr. Prater; (c) conferred with Mr. Prater concerning his objections before filing his motion; or

15  (d) told this Court the truth about the scope of Mr. Prater's disclosure and the lack of prior meet

16  and confer. At each juncture, Unum and its counsel chose to disregard their duties as litigants

17  and officers of this court, respectively. None of their conduct was substantially justified.

18  Accordingly, Mr. Prater respectfully requests that Unum and its counsel be required to pay to

19  Mr. Prater and his counsel the sum of $2,000 pursuant to Federal Rule of Civil Procedure Rule

20  37(a), and an additional $1,500 pursuant to Federal Rule of Civil Procedure 45(c)(1).[52]

21                                          **IV.**

22                                    **CONCLUSION**

23      Unum and its counsel brought this motion with no good faith basis to argue either valid

24  service of the subpoena, that the discovery sought was relevant and necessary, that the enormous

25  burden sought to be imposed on the witness could be justified, or that it had engaged in any

26  _____

27  [51]    In addition, where the court denies the motion in part, it may apportion expenses.
    Fed. R. Civ. P. 37(a)(4)(C).

28  [52]    *See* Lyons Decl., ¶ 21.


LAW OFFICES
COTCHETT,
PITRE, SIMON &
MCCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION**
**OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                    18

1    genuine, good faith efforts to meet and confer with Mr. Prater's counsel.  This Court should deny

2    the motion and order Unum and its counsel to pay Mr. Prater's costs in connection with the

3    motion, and enter appropriate protective orders to curtail Unum's wide-ranging discovery abuse.

4    Dated: June 14, 2005.                              Respectfully submitted,

5                                                       COTCHETT, PITRE, SIMON & McCARTHY

6
                                                       By:    /s/ Barbara L. Lyons
7                                                             Barbara L. Lyons
                                                       Attorneys for Disclosed Expert
8                                                      STEPHEN D. PRATER

9    26301.2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON &
McCARTHY

**STEPHEN D. PRATER'S OPPOSITION TO MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PURSUANT TO SUBPOENA IN A CIVIL CASE**                                19