UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYNTHIA MENDEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States District Court for the |
| | ) | Northern District of California |
| UNUM PROVIDENT CORPORATION; | ) | Case No. C04-01312 JW |
| PROVIDENCE LIFE & ACCIDENT | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO UNUM PROVIDENT CORPORATION AND PROVIDENT LIFE & ACCIDENT COMPANY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Massachusetts Mutual Life Insurance Company ("MassMutual") submits this Supplemental Memorandum of Law in Support of its Opposition to Unum Provident Corporation and Provident Life & Accident Insurance Company's (collectively, "Defendants") Motion to Compel Production of Documents ("Motion to Compel") in order to apprise the Court that the United States District Court for the Northern District of California ("California Court") has rendered a decision that MassMutual believes is dispositive of the discovery dispute currently before this Court (the "Massachusetts Action").

In its Opposition to the Defendants' Motion to Compel, MassMutual argued that the Court should defer ruling on Defendants' Motion to Compel until the California Court, where the underlying action is pending, had an opportunity to rule on a pending motion filed in that action (the "California Action") seeking to compel the production of documents identical to those sought by the Defendants in this Court. The subpoena in the California Action seeks documents directly from Stephen Prater, an expert retained by the Plaintiff in the above-captioned litigation,

regarding consulting services he has provided to MassMutual. The subpoena in the Massachusetts Action seeks the same documents as the subpoena in the California Action but does so from a third party, MassMutual. The subpoenas in both actions request identical information. Compare Subpoena to Stephen D. Prater at Attachment 1, ¶ 59 (attached hereto as Exhibit A), with Subpoena to MassMutual's Keeper of Records at Attachment 1, ¶¶ 1-10 (attached hereto as Exhibit B).

On July 8, 2005, U. S. Magistrate Judge Howard R. Lloyd ruled that the Defendants' requests for documents from Mr. Prater in the California Action are overbroad and excessive.[1] See July 8, 2005 Order of Magistrate Judge Lloyd at 6, ¶ 9 (a copy of the Order is attached hereto as Exhibit C). In lieu of production of the subpoenaed documents, Magistrate Judge Lloyd limited Mr. Prater's response to the subpoena to a reasonable review of his records, followed by the provision of a declaration containing a reasoned estimate of his time spent and income earned in providing consulting or expert witness services for insurance companies including MassMutual. The California Court otherwise denied the Defendants' requests for documents. See id. at 7.

The California Court determined the appropriate scope of discovery in the California Action by limiting Mr. Prater's obligation to respond to the California subpoena and by denying the remainder of the Defendants' requests for production of documents. This is significant because the California Court is familiar with the issues in the underlying case, as well as the Defendants' plan to use the information to attempt to demonstrate bias, but still concluded that the requests were overly broad and excessive. Accordingly, MassMutual submits that the

---

[1] MassMutual waited to apprise this Court of the decision of the California Court because it was hopeful that the reasoning of that decision would prompt the Defendants to voluntarily withdraw their subpoena and motion seeking identical information from MassMutual. However, because Defendants' counsel in California has advised the Plaintiff's attorneys that they will not withdraw the subpoenas served on third parties, MassMutual had no choice but to file this Supplemental Memorandum to apprise this Court of the decision in the California Action.

Defendants should not be permitted to circumvent the ruling of the California Court by obtaining the same documents from a third party in this Court. MassMutual submits that to hold otherwise would promote forum shopping by attorneys when issuing subpoenas, and would allow the Defendants access to discovery in the underlying case that the California Court has already ruled is overbroad and excessive. Therefore, for the foregoing reasons, MassMutual submits that the Defendants' Motion to Compel should be denied.

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

By its Attorneys,

/s

Stephen M. Prignano (BBO #645581)
Raymond M. Ripple (BBO #650951)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2005, I caused a copy of the foregoing to be mailed by regular mail, postage prepaid to the following:

Joseph M. Hamilton, Esq.
Kristina H. Allaire, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

/s

PRV_743096_1/RRIPPLE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CYNTHIA MENDEZ                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        United States District Court for the
                                      )        Northern District of California
UNUM PROVIDENT CORPORATION;           )        Case No. C04-01312 JW
PROVIDENCE LIFE & ACCIDENT            )
INSURANCE COMPANY                     )
                                      )
            Defendants.               )

# **EXHIBIT A**

06/14/2005  10:07    4082952222                    B

AO 88 (Rev. 1/94)  Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

___Northern___ DISTRICT OF ___California___

Cynthia Mendez

**V.**

UnumProvident Corp, et al.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]C 04 01312 JW

TO: Stephen D. Prater

5567 Morningside Drive, San Jose, CA 95138

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Kelly, Herlihy & Klein, 44 Montgomery Street, Suite 2500, San Francsico, CA 94104 | DATE AND TIME June 30, 2005, 9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 1

| PLACE Kelly, Herlihy & Klein, 44 Montgomery Street, Suite 2500, San Francisco, CA 94104 | DATE AND TIME June 30, 2005, 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ for MGG  Attorney for Defendant: UnumProvident Corporation | 5-27-05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael G. Glanzberg (SBN 178751) Kelly, Herlihy & Klein, L.L.P., 44 Montgomery Street, Suite 2500, San Francisco, California 94104, 415-951-0535

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

06/14/2005  10:07    4082952222                           B

AO 88   (Rev. 1/94)  Subpoena in a Civil Ca

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

| SERVED | | MANNER OF SERVICE |
|--------|--|-------------------|

SERVED ON (PRINT NAME)

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS  SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and  no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret  or  other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

and time you billed; All tax forms (such as 1099's and W-2's) you received; All professional services agreements of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements).

57. All documents relating to any work or services you have performed for Transamerica Occidental (as stated at page 5, par. 4 of your report) including but not limited to the following:

- All documents regarding your retention or hiring including but not limited to any hiring, consulting or retainer agreement, of whatever kind or nature.

- Any written product you prepared (including opinions, recommendations, analyses, of any kind); Requests or offers for services or assistance; Communications requesting or providing advice, opinions, recommendations, and analyses of any kind; All invoices and billings generated by you; All payments made to you; All records reflecting hours you spent and time you billed; All tax forms (such as 1099's and W-2's) you received; All professional services agreements of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements).

58. All documents relating to any work or services you have performed for Westport Insurance Company (as stated at page 5, par. 4 of your report) including but not limited to the following:

- All documents regarding your retention or hiring including but not limited to any hiring, consulting or retainer agreement, of whatever kind or nature.

- Any written product you prepared (including opinions, recommendations, analyses, of any kind); Requests or offers for services or assistance; Communications requesting or providing advice, opinions, recommendations, and analyses of any kind; All invoices and billings generated by you; All payments made to you; All records reflecting hours you spent and time you billed; All tax forms (such as 1099's and W-2's) you received; All professional services agreements of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements).

59. All documents relating to any work or services you have performed for Massachusetts Mutual (as stated at page 5, par. 4 of your report) including but not limited to the following:

- All documents regarding your retention or hiring including but not limited to any hiring, consulting or retainer agreement, of whatever kind or nature.

- Any written product you prepared (including opinions, recommendations, analyses, of any kind); Requests or offers for services or assistance; Communications requesting or

providing advice, opinions, recommendations, and analyses of any kind; All invoices and billings generated by you; All payments made to you; All records reflecting hours you spent and time you billed; All tax forms (such as 1099's and W-2's) you received; All professional services agreements of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements).

60. All documents relating to any work or services you have performed for Life Insurance Company of North America (as stated at page 5, par. 4 of your report)  including but not limited to the following:

    – All documents regarding your retention or hiring including but not limited to any hiring, consulting or retainer agreement, of whatever kind or nature.

    – Any written product you prepared (including opinions, recommendations, analyses, of any kind); Requests or offers for services or assistance; Communications requesting or providing advice, opinions, recommendations, and analyses of any kind; All invoices and billings generated by you; All payments made to you; All records reflecting hours you spent and time you billed; All tax forms (such as 1099's and W-2's) you received; All professional services agreements of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements).

61. From 1995 - Present, all documents relating to any work or services you have performed for Friedman, Rubin & White and/or for any attorney or agent of that firm, in cases: (A) Where FRW has hired you as an expert, but not disclosed you;** (B) Where FRW has hired and disclosed you as an expert; (C)  Where FRW has hired you for advice and assessment, either in non-litigated matters or where you have not been disclosed as an expert;  (D) Where FRW has hired you for advice and assessment and/or generally concerning UnumProvident Corporation and any of its past and present parents, subsidiaries predecessors in interest and affiliates including but not limited to Provident Life & Accident Insurance Company, The Paul Revere Life Insurance Company, Unum Life Insurance Company of America, Provident Companies, Inc., and Provident Mutual), either in non-litigated matters or where you have  not been used as an expert.   For categories A-E above, the documents sought include but are not limited to the following:

    1. All invoices and billings you sent to or generated for FRW;

    2. All payments FRW made to you;

    3. All records reflecting hours spent and time billed by you to FRW;

    4. All tax records including all 1099's or other tax reporting form sent to you from FRW;

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA MENDEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNUM PROVIDENT CORPORATION; | ) |
| PROVIDENCE LIFE & ACCIDENT | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

United States District Court for the
Northern District of California
Case No. C04-01312 JW

# **<u>EXHIBIT B</u>**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts

Cynthia Mendez
**v.**
UnumProvident Corp, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: C 04 01312 JW
Case pending in the United States Northern District
Court of California; Case Name:  Cynthia Mendez v.
UnumProvident Corp, et al.; Case No.: C 04-01312 JW

TO: Massachusetts Mutual Life Insurance Company, Attn:  Keeper of Records
1295 State Street, Springfield, MA 01111

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 1

| PLACE | DATE AND TIME |
|---|---|
| Kelly, Herlihy & Klein, 44 Montgomery Street, Suite 2500, San Francisco, CA 94104 | May 25, 2005, 10:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ttorney for Defendant: UnumProvident Corporation | 5/10/05 |

SUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ichael G. Glanzberg (SBN 178751) Kelly, Herlihy & Klein, L.L.P., 44 Montgomery Street, Suite 2500, San Francisco, California 94104, 415-951-0535

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Attachment

Attachment 1

For the period 1995 - Present, all documents reflecting services rendered by, employment, association engagement, hiring, and/or retention of, and monies paid to, Stephen D. Prater ("Prater") by YOU, including but not limited to the following documents:

1. All documents regarding the retention or hiring of Prater and any Consulting Agreement with Prater

2. Any written product prepared for or received by YOU from Prater (including opinions, recommendations, analyses, of any kind);

3. Any requests for services or assistance sent to Prater;

4. Communications with Prater requesting or receiving advice, opinions, recommendations, and analyses of any kind;

5. All invoices and billings received from Prater;

6. All payments made to Prater;

7. All records reflecting hours spent and time billed by Prater;

8. All tax records including all 1099's, W-2's or other tax reporting form sent to Prater;

9. All professional services agreements with Prater of any kind (e.g., letter agreements, formal contracts, ongoing consulting agreements);

10. All billing records, logs, diaries, spreadsheets, agings, accounts receivable and accounts payable relating to monies owed to and paid to Prater.

1

2

3

4

## PROOF OF SERVICE

*Cynthia Mendez v. Unum Life Insurance Company of America*
*Northern District Court of California-San Jose Division/Case No. C04-01312 JW*

I, LUTHER W. CAMP, JR., declare:

5

6

I am employed in the City and County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2500, San Francisco, California 94104. I am over the age of 18 years and not a party to the foregoing action.

7

8

On May 11, 2005, I served the attached SUBPOENA IN A CIVIL CASE (Massachusetts Mutual Life Insurance Company-Keeper of Records), on the interested parties involved in said action,

9

10

11

__X__   **(by mail)** by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Kelly, Herlihy & Klein LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Francisco, California.

12

_____   **(by personal delivery)** by having FIRST LEGAL SUPPORT SERVICES, a local San Francisco messenger service, personally deliver a true copy thereof to the person listed below.

13

14

_____   **(by Federal Express)** by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

15

16

_____   **(by facsimile transmission)** by transmitting said document(s) from our office facsimile machine (415) 391-7808, to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

17

18

19

20

Robert H. Bohn, Esq.
Bohn & Bohn, LLP
152 North Third Street, Suite 200
San Jose, CA 95112
408-279-4222
408-295-2222 Fax

Attorney(s) for Plaintiff

21

22

Jeffrey K. Rubin, Esq.
Friedman Rubin & White
1126 Highland Avenue
Bremerton, WA 92337

23

24

25

I declare under penalty of perjury that I am employed by a member of the Bar of this Court at whose direction this service is made, and that this declaration is executed on May 11, 2005, at San Francisco, California.

26

27

LUTHER W. CAMP, JR.

28

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Massachusetts Mutual Life Insurance Company
Attn: Keeper of Records
1295 State Street
Springfield, MA 01111

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
MASSACHUSETTS MUTUAL LIFE INS. CO.
1295 STATE STREET
SPRINGFIELD, MA 01111

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
MAY 1 6 2005

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0004 3169 6417

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYNTHIA MENDEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States District Court for the |
| | ) | Northern District of California |
| UNUM PROVIDENT CORPORATION; | ) | Case No. C04-01312 JW |
| PROVIDENCE LIFE & ACCIDENT | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## **EXHIBIT C**

United States District Court
For the Northern District of California

1

2

3

4                                          **\*E-FILED ON 7/8/05\***

5

6

7                                    NOT FOR CITATION

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11   CYNTHIA MENDEZ,                        No. C03-01312 JW (HRL)

12            Plaintiff,                    **ORDER GRANTING IN PART AND
                                            DENYING IN PART DEFENDANTS'**
13      v.                                  **MOTION TO COMPEL STEPHEN
                                            PRATER'S PRODUCTION OF**
14   UNUM PROVIDENT CORPORATION;            **DOCUMENTS**
     PROVIDENT LIFE & ACCIDENT
15   INSURANCE COMPANY,                     **[Re: Docket No. 27]**

16            Defendants.
                                        /
17

18        On July 6, 2005, this court heard defendants' "Motion to Compel Stephen D. Prater's

19   Production of Documents Pursuant to Subpoena Duces Tecum." Plaintiff's retained expert, Stephen

20   Prater, opposed the motion. Plaintiff Cynthia Mendez joined in the opposition. Upon consideration of

21   the papers filed by the parties, as well as the arguments of counsel, the court issues the following

22   order.

23        1.        Preliminarily, Prater urges this court not to entertain the instant motion, asserting that

24   defendants failed to meet/confer on the disputed issues. The record presented indicates that there was

25   some meet/confer effort before the motion was filed, although those negotiations appear to have been

26   less than satisfactory. Further meet/confer negotiations which took place after the motion was filed did

27   not resolve the disputed issues. Given the nature of the issues presented on the instant motion, and the

28

United States District Court
For the Northern District of California

1    apparent level of contention between counsel for the parties,[1] it seems that any further meet/confer

2    efforts now would be unavailing.  Nevertheless, counsel for both parties are reminded that they are

3    obliged to engage in meaningful meet/confer negotiations in good faith to resolve all disputed issues

4    before seeking judicial intervention.  *See* Civ. L.R. 37-1(a).  They are further advised to improve their

5    meet/confer efforts on any future discovery dispute so as to avoid the needless expenditure of time and

6    resources by the parties and the court.

7         2.     Prater's motion to strike the May 31, 2005 declaration of John Burnite is DENIED.

8         3.     Prater's objections as to the alleged insufficient service of the May 10, 2005 subpoena

9    duces tecum are OVERRULED AS MOOT.[2]

10        4.     Prater argues that the motion should be denied because defendants cannot obtain his

11   documents via a bare subpoena duces tecum.  He also contends that defendants' motion should have

12   been brought as a motion to compel a more adequate expert disclosure, rather than as a motion to

13   compel compliance with a subpoena duces tecum.

14        The court considers the subpoena issue to be moot insofar as Prater served his

15   objections (by the stated May 25, 2005 compliance date) to the specific document requests which

16   were (a) listed in the May 10, 2005 subpoena duces tecum and (b) apparently reproduced in

17   defendants' May 27, 2005 deposition notice.  In any event, even assuming (without deciding) that

18   defendants should have filed a motion to compel a more adequate expert disclosure, such a motion

19   would not be qualitatively different than the motion that presently is before the court.

20        5.     With respect to Request Nos. 1-9 and 13, defendants seek documents (e.g., notes,

21   billing information, correspondence, etc.) pertaining to Prater's activities in the instant lawsuit.  Here,

22   there is no dispute that the requested documents will be produced; however, defendants say that all of

23   _____

24   [1]     The parties spent some time in their briefs bickering about issues which are either
     moot or which are of no consequence to the resolution of the instant motion on the merits.  The
25   court finds this behavior tiresome.

26   [2]     In his opposition brief, Prater argued that the instant motion should be denied
     because defendants failed to properly effect service of the May 10, 2005 subpoena duces tecum.
27   He added that defendants' subsequent service of a May 27, 2005 deposition notice accompanied
     by an identical list of document requests was a concession that the May 10, 2005 document
28   subpoena was never properly served.  Nevertheless, at the hearing, Prater's counsel stated that
     Prater believes the service issue is moot.

2

1   the documents have not yet been produced.  At the hearing, plaintiff's counsel represented that all

2   responsive documents have now been produced to defendants, with the exception of Prater's "notes,"

3   which apparently include notes Prater made in the course of preparing his report, drafts, and the like.

4   As to those documents, Prater says that he intended to produce them at his deposition, but does not

5   object to producing them before the deposition.[3]  Accordingly, defendants' motion to compel as to

6   these requests is GRANTED.  **No later than July 18, 2005**, Prater shall produce to defendants all

7   responsive documents which have not yet been produced.

8          6.      Defendants have propounded a number of requests which seek the production of (a)

9   every document Prater has reviewed, considered or authored in connection with other litigation

10  identified in his report; (b) transcripts of any depositions in which Prater has testified as an expert

11  witness; (c) transcripts of any depositions relating to defendants' employees which Prater believes

12  support his opinions in this matter; (d) transcripts of any trial testimony which Prater believes supports

13  his opinions in this matter; and (e) documents which Prater apparently intends to discuss at trial, but

14  which were not attached to his report (*see* Request Nos. 10-12, 15-32, 64, 68, 72 and 74).

15  Defendants contend that these documents are relevant and necessary to ascertain the bases of Prater's

16  opinions.  They argue that he has made only generic reference to hundreds of thousands of documents

17  which purportedly form the basis of his opinions in the instant action.

18          This court finds that these document requests, as drafted, are overbroad and excessive.

19  Although they initially requested an order compelling Prater to produce all responsive documents, at

20  the hearing, defendants said that they want a log identifying (1) the particular documents he intends to

21  use or rely upon; and (2) the stated basis for non-production of those documents.

22          Prater represents that he has produced all documents, including non-confidential documents

23  from other litigation, upon which he relied in preparing his report.  He argues that it will be impossible

24  to produce or identify the documents sought by defendants because the documents and information are

25  now part of his "composite knowledge" as to defendants' policies and practices.

26  _____

27          3       The parties indicate that under the District Court's scheduling order, they are
    obliged to complete Prater's deposition this month, and they expect the deposition to go forward in
28  late July.  However, a specific date for his deposition has not yet been set pending resolution of the
    issues raised in the instant motion.

3

*United States District Court*
For the Northern District of California

1    It is not clear precisely what Prater means when he refers to his "composite knowledge."

2    Quite apart from his alleged "composite knowledge," however, Prater's report indicates that there are

3    specific documents from other litigation which he has in mind and which he "may want to refer to, or

4    use as an exhibit, or aid at trial" or which he has "reviewed . . . [and] intend[s] to discuss at trial

5    (Burnite Decl., Ex. 1 at p. 2, 21). Indeed, at the hearing, he acknowledged that there are documents

6    which he would like to use, but says that various protective orders preclude him from disclosing those

7    documents to defendants in this action.

8        Nevertheless, Prater says that he will disclose these documents (or provide a description of

9    them) to defendants if they agree to release him from his obligations under applicable protective orders

10    entered in other lawsuits. Defense counsel indicated at the hearing that defendants are willing to

11    release Prater from his protective order obligations to the extent necessary to permit Prater to provide

12    them with the requested document log.[4] Indeed, it seems that such a log will be necessary to allow

13    defendants to assess the documents identified so that any protective order issues properly may be

14    addressed and resolved.[5] Moreover, it does not seem that identifying the documents – without

15    disclosing the content of the same – will violate any applicable protective orders.

16        Accordingly, defendants' motion to compel documents responsive to Request Nos. 10-12,

17    15-32, 64, 68, 72 and 74 is GRANTED only to the following extent: **No later than July 18, 2005**,

18    Prater shall provide a log identifying (1) the documents that he wants or intends to discuss, "refer to, or

19    use as an exhibit, or aid at trial"; and (2) the bases for their non-production in this action.[6] The log

20    _____

21        [4]    Neither party has excluded the possibility that other protected entities or persons

22    may be affected by the production and/or use of information from other litigation in this action.
    However, Prater says that the documents in question pertain only to defendants.

23        [5]    It is not clear whether this court properly may authorize the production and use of

24    such documents in the instant action or to compel a party to waive the protections of any applicable
    protective order. Absent any indication to the contrary, it seems that concerns about the parties'
    respective obligations under the existing protective orders should be addressed to the courts which

25    issued those orders and/or to the entities/parties enjoying the protection of those orders.

26        [6]    At the hearing, Prater argued that because defendants were parties to the other

27    lawsuits, they should bear the burden of obtaining all of the documents from those actions. He
    further asserted that defense counsel should know by now what documents he was likely to rely
    upon, and suggested that defendants make their best effort to pick out the pertinent documents and

28    have him verify in deposition whether they are, in fact, the documents he intends to use in the instant
    action. The court is unpersuaded. Although defendants may have been parties to the other

United States District Court

For the Northern District of California

4

1    shall not disclose the substantive contents of the documents. The motion as to these requests is

2    otherwise denied.  However, the denial is without prejudice to defendants to renew their request for

3    the production of the identified documents with this court only upon a showing that this court properly

4    may authorize such production and that the documents ought to be produced.

5         7.    Request Nos. 14, 75 and 78 seek the production of all confidentiality or protective

6    orders which Prater claims preclude his disclosure of information which he intends to rely upon or to

7    use at trial.  Prater contends that because defendants were parties to the other lawsuits, he should not

8    be put to the "burden of culling through his files . . ." for any order he might have retained.  (Opp. at p.

9    12:19).  The court finds no undue burden to the extent these requests seek documents which have

10   been retained in Prater's (or his counsel's) own files.   While these protective orders do not

11   themselves form the basis of Prater's opinions, their production may facilitate the resolution of any

12   dispute as to the potential use of documents from other litigation in the instant action.  Accordingly, the

13   motion as to these requests is GRANTED as follows:  **No later than July 18, 2005,** Prater shall

14   produce the protective orders in his (or his counsel's) files which he claims preclude his disclosure of

15   information.

16        8.    Request Nos. 33 and 34 seek all correspondence, reports or "writing of any kind" that

17   Prater has ever received or written relating to defendants (and any affiliated companies).  These

18   requests are overbroad.  To the extent they are cumulative of other requests (e.g., Request Nos. 15-

19   32), they are also excessive.  Accordingly, the motion as to Request Nos. 33 and 34 is DENIED.

20        9.    Request Nos. 35-61 seek documents pertaining to Prater's employment and

21   experience with the particular entities identified in his report.  While some requests vary in terms of the

22   documents sought, defendants seek the production of the following documents as to all entities:

23        •    Any written product Prater prepared (including opinions, recommendations, analyses

24             of any kind);

25        •    Communications requesting or providing advice, opinions, recommendations, and

26             analyses of any kind;

27   _____

28   litigation, they are not mind readers.  In any event, the court finds that Prater fairly bears the burden
     of disclosing those documents which he intends to rely upon or use.  *See* Fed.R.Civ.P. 26(a)(2).

5

*United States District Court*
For the Northern District of California

1    •    All invoices and billings generated by Prater;

2    •    All payments made to Prater;

3    •    All records reflecting hours Prater spent and time he billed;

4    •    All tax forms (such as 1099's and W-2's) he received; and

5    •    All professional services agreements of any kind (e.g., letter agreements, formal

6         contracts, ongoing consulting agreements).

7    (*See* Burnite Decl., Ex. 2). Defendants contend that Prater is a "hired hand" for alleged insureds

8    generally and for plaintiff's counsel, the Friedman, Rubin & White law firm, in particular. They argue

9    that the requested documents are necessary to explore possible bias on Prater's part. As stated at the

10   hearing, they are particularly interested in obtaining information as to (1) the percentage of time Prater

11   has spent working on behalf of the insurance plaintiff's bar, the insurance defense bar, insureds,

12   insurance companies and the Friedman, Rubin & White law firm; and (2) the percentage of his income

13   derived from his work as to each of these sectors or entities. Prater contends that these requests are

14   overbroad and intrusive of, among other things, his right to privacy. At the hearing, Prater's counsel

15   argued that Prater should not be put to the trouble of examining his records for this information, and

16   contended that if Prater does not know the information, then he should be permitted to testify that he

17   does not know.

18            The requests, as drafted, are overbroad and excessive. Nevertheless, defendants will

19   be permitted some leeway in exploring possible bias. *See Behler v. Hanlon*, 199 F.R.D. 553, 562

20   (D. Md. 2001) (permitting discovery of an expert's income from other sources for the purpose of

21   establishing possible bias). Accordingly, the motion as to these requests is GRANTED only to the

22   following extent: **No later than July 18, 2005,** Prater shall (1) conduct a reasonable review of his

23   available records; and (2) serve a declaration providing his reasoned estimate of the following

24   information as to his work and income each year for the past five years:

25       (a)   the percentage of his time spent and gross income generated from providing consulting

26             or expert witness services for the alleged insureds in claims against insurance

27             companies;

28

United States District Court
For the Northern District of California

1      (b)      the percentage of his time spent and gross income generated from providing consulting

2               or expert witness services for insurance companies defending against claims of their

3               alleged insureds; and

4      (c)      the percentage of his time spent and gross income generated from providing consulting

5               or expert witness services for the Friedman, Rubin & White law firm.

6   This information shall not be used or disseminated for any purpose not directly related to the

7   prosecution or defense of this action.  The motion as to these requests is otherwise DENIED.

8           10.      With respect to Request Nos. 62, 63 and 65, defendants seek documents pertaining

9   to Prater's stated professional activities – namely, "all course materials relating to the insurance law

10  class you teach at Santa Clara University School of Law" (Request No. 62); "[a]ll speeches, outlines,

11  PowerPoints, talking Points, papers or other written materials you have prepared or utilized in

12  connection with the seminars and conventions where you have been a featured or keynote speaker . .

13  ." (Request No. 63); and "[a] copy of every book and report you have authored or co-authored . . .."

14  (Request No. 65).

15          These requests are overbroad.  Nonetheless, the motion is GRANTED to the extent

16  Prater has considered or relied upon any of the listed materials in forming his opinions and preparing

17  his report in this action.  Such documents (if any) shall be produced **no later than July 18, 2005**.

18  The motion as to these requests is otherwise DENIED.

19          11.      In his report, Prater indicates that he intends to give the jury a tutorial on the "well-

20  understood standards of conduct, universally recognized by reasonable and ethical insurance

21  companies." (Burnite Decl., Ex. 1 at p. 15).  Defendant's Request No. 66 seeks "[e]very document

22  [Prater] relied upon to prepare [his] tutorial opinion," a copy of which apparently was attached to his

23  report.  At the hearing, defendants said that they seek the production of any documents (e.g., claims

24  manuals), cases, statutes and regulations which form the basis of Prater's tutorial.  Prater argues that

25  the information upon which his tutorial is based is too voluminous to produce, and he contends that the

26  tutorial was prepared on the basis of his "composite knowledge" in any event.

27          Here again, it is not clear precisely what Prater means when he refers to his

28  "composite knowledge."  Nevertheless, defendants are entitled to the documents which Prater

1    considered or relied upon in forming his "tutorial opinion." Accordingly, the motion as to Request No.

2    66 is GRANTED as follows: **No later than July 18, 2005**, and to the extent they have not already

3    been produced, Prater shall produce all reasonably identifiable documents (e.g., claims manuals,

4    statutes, rules, regulations, court opinions, etc.) that he considered in preparing his "tutorial opinion,"

5    as well as any documents which he intends to rely upon or use at trial. The motion as to this request is

6    otherwise DENIED.

7        12.    In his report, Prater cites to his amended *Norcia* report – i.e., a report that he

8    apparently prepared and submitted in another lawsuit. Here, he cites his *Norcia* report for its

9    discussion of the "well-known and non-controversial standards of conduct that must be adhered to . .

10   .." (Burnite Decl., Ex. 1 at p. 9; *see also id.* at pp. 12, 15). A copy of the referenced *Norcia* report

11   apparently was attached to his report. Defendants now move to compel the production of "[e]very

12   document [Prater] relied upon to prepare [his] Amended Norcia opinion . . . ." (Request No. 67).

13       As drafted, Request No. 67 is overbroad in that it appears to seek the production of

14   documents which support assertions or opinions for which the *Norcia* report is <u>not</u> being cited here.

15   Nonetheless, and despite Prater's claim that the cited standards are "non-controversial," the court

16   finds that any documents upon which Prater relied in making the assertions for which his *Norcia* report

17   is cited are fair game for discovery. Accordingly, the motion is GRANTED as to any documents

18   Prater relied upon or considered in preparing his *Norcia* report as to the referenced industry

19   standards. Any such documents shall be produced **no later than July 18, 2005**. The motion as to

20   this request is otherwise DENIED.

21       13.    In Request Nos. 69-71, 73, 76, 77 and 80, defendants seek the production of all

22   notes and correspondence pertaining to the cited multistate examination report, as well as all

23   documents which Prater believes support his opinions as to defendants' alleged practices. Prater

24   contends that these requests are overbroad and seek information which is part of his "composite

25   knowledge" in any event.

26       As noted above, it is not clear what Prater means by his "composite knowledge."

27   Nevertheless, defendants are entitled to the documents upon which Prater's opinions are based, as

28   well as any notes he generated in the course of preparing his report. Accordingly, the motion as to

**United States District Court**
For the Northern District of California

8

1    these requests is GRANTED as follows: **No later than July 18, 2005**, Prater shall produce all

2    identifiable documents that he considered or relied upon in forming his opinions in this matter, any

3    documents which he intends to rely upon or use at trial, and any notes re the multistate examination

4    report which he generated in the course of preparing his report. As to any documents which Prater

5    contends are subject to protective orders entered in other litigation, the parties shall proceed as

6    directed in Paragraph 6 of this order. The motion as to this request is otherwise DENIED.

7         14.    With respect to Request No. 79, defendants seek production of the "detailed

8    information" from Dr. Lee that is referenced at page 34 of Prater's report. Plaintiff's counsel stated

9    that all of Dr. Lee's records have been produced to defendants. Defendants argue that their receipt of

10   Dr. Lee's files is beside the point. They want to know what pages from Dr. Lee's records were given

11   to Prater and what specific pages Prater relied upon in preparing his report.

12             Defendants are entitled to this information. Although the identification of those pages

13   might be obtained in deposition, to the extent the disclosure of that information now may be conducive

14   to a more efficient deposition, the court will grant the motion as to Request No. 79 as follows: **No**

15   **later than July 18, 2005**, Prater shall (1) produce the pages from Dr. Lee's records which he

16   received and (2) identify the specific pages he considered or relied upon in forming his opinions and

17   preparing his report. To the extent all of the documents provided to Prater have already been

18   produced, Prater need not re-produce them; however, and in any event, he shall identify those specific

19   pages from Dr. Lee which he considered or relied upon.

20        15.    Prater's request for an award of attorneys' fees and costs incurred in opposing the

21   instant motion is DENIED.

22   Dated:    July 8, 2005

23

24                                    /s/ electronic signature authorized
                                      HOWARD R. LLOYD
25                                    UNITED STATES MAGISTRATE JUDGE

26

27

28

*United States District Court*
*For the Northern District of California*

9

1   5:04-cv-1312 Notice will be electronically mailed to:

2   Robert Herbert Bohn Snr.     jodie@bohnlaw.com, info@bohnlaw.com

3   John T. Burnite     jtb@kelher.com

4   John C. Ferry     jferry@kelher.com

5   Richard Henry Friedman     rfriedman@frwlaw.us, jcrook@frwlaw.us

6   Michael G. Glanzberg     mgg@kelher.com

7   Thomas M. Herlihy     herlihy@kelher.com

8   Barbara L. Lyons     blyons@cpsmlaw.com

9   Jeffrey K. Rubin     jrubin@frwlaw.us, jcrook@frwlaw.us

10  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California