UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CYNTHIA MENDEZ,
    Plaintiff

V.

UNUM PROVIDENT CORPORATION;
PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,
    Defendants

Miscellaneous Massachusetts
Docket No. 05-MC-30027-KPN

United States District Court for the
Northern District of California
CASE NO. C04 01312 JW

**DEFENDANTS OBJECTIONS PURSUANT TO
COURT RULING  DATED JULY 18, 2005**

Pursuant to the Court's Ruling dated July 18, 2005, Defendants UnumProvident Corporation and Provident Life & Accident Insurance Company ("defendants") submit their objections as follows:

## I.        INTRODUCTION

The motion to compel against MassMutual Life Insurance Company ("MassMutual") is not moot.  The California Court has made a specific ruling regarding Prater's obligation to produce documents.  Magistrate Judge Lloyd's July 8, 2005 Order does not decide the issues raised by the motion to compel against MassMutual.

MassMutual relies on the California Court Order dated July 8, 2005 regarding the motion to compel against Prater.  However, the Court's analysis regarding the breadth of requests to Prater (as it related to possible production of documents pertinent to many insurance companies) is very different than an analysis regarding a single entity like MassMutual.  MassMutual did not timely assert any over breadth or burden objection to the defendants subpoena.  Indeed,

MassMutual does not address any of its substantive objections in the opposition briefs.  Rather, MassMutual simply asked this Court to defer ruling until the Prater motion to compel was decided in California.  Only now does MassMutual improperly attempt to make Prater's over-breadth/burden argument it own.

It is noteworthy that there is another motion to compel against an insurance company (seeking records similar to those at issue herein) pending in Magistrate Judge Lloyd's courtroom.  This other motion to compel already was pending on the docket when the Prater motion was decided. Yet, the Court did not deem the other motion as moot.  Furthermore, the motion is presently pending hearing on August 23, 2005 before Magistrate Judge Lloyd.  That ruling could provide better guidance and/or further clarity with respect to the subpoenas directed to insurance companies.  Thus, this Court should either transfer the pending motion to compel against MassMutual to Magistrate Judge Lloyd, or await his ruling with respect the motion against Civil Service Employees Insurance Company ("CSE").

Prior to filing this objection, defendants again attempted to consult with MassMutual to reach an agreement.  On July 21, 2005, defendants' counsel sent a letter to MassMutual proposing a compromise to the original subpoena that was reflective of the Magistrate's Order to Prater.  MassMutual summarily rejected this proposal and refused to discuss it further.

## II.    <u>LEGAL ARGUMENT</u>

A.    <u>MassMutual Has Not Interposed Any Over-Breadth or Burden Objection.</u>

Magistrate Judge Lloyd's July 8, 2005 Order does not render Defendants Motion to Compel moot.  The California Court limited the types of documents Prater is required to produce because it found the request overly broad and burdensome for one individual, it did not rule that these documents were not discoverable.  MassMutual's written objections do not include the

grounds of over-breadth or burden.  The papers filed in opposition likewise are silent in this regard.  MassMutual improperly tries to rely on a ruling specific to a burden analysis regarding documents requested from Prater.  The California court made no ruling that the documents requested are overly broad as to other persons or entities.

The California Court's analysis of the subpoena to Prater is not illustrative of the analysis to be used with respect to MassMutual.  The breadth of documents requested from Prater (with respect to possibly producing many documents regarding multiple companies and clients) is a very different issue than any burden to a single company like MassMutual.  Moreover, MassMutual does not even interpose such an objection because no such over-breadth (or burden) exists.  Finally, failure to serve timely objections waives all grounds for objection, including privilege.  Burroughs Corporation v. Dataware Services, Inc., 1987 U.S. Dist. LEXIS 10334, *2 (D. Mass. 1987)(When objections are not filed within the time provided by the Rule, the objections are waived.)

The information requested under the subpoena is relevant to this matter, and the Court's July 8, 2005 Order has not rule otherwise.

B.     MassMutual Has Not Addressed Any of the Substantive Points and Authorities in Defendants' Moving Papers.

MassMutual's opposition papers are devoid of any substantive discussion of the points and authorities raised by defendants.  The opposition papers also fail to discuss or attempt to justify any of the objections initially raised by MassMutual.  Instead, MassMutual improperly attempts to stand in the shoes of Prater.

### III.  CONCLUSION

For all the reasons set for the above, as well as the moving papers, defendants request an order compelling MassMutual to comply with the subpoena duces tecum. The Order dated July 8, 2005 by Magistrate Judge Lloyd does not render the present motion to compel moot.

In the alternative, defendants request the Court to either transfer to matter to Magistrate Judge Lloyd for ruling, or at least to defer ruling until Magistrate Judge Lloyd decides the motion to compel against Civil Service Employees Insurance Company on August 23, 2005.

UNUMPROVIDENT CORPORATION
AND PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,

By their attorneys,


/s/ Joseph M. Hamilton
Joseph M. Hamilton, BBO #546394
Kristina H. Allaire, BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated:  July 26, 2005

### CERTIFICATE OF SERVICE

I, Joseph M. Hamilton, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Richard H. Friedman, Esq. and Jeffrey K. Rubin, Esq. at Friedman Rubin & White, 1126 Highland Avenue, Bremerton, WA 98337; Robert H. Bohn Sr., Esq. at Bohn & Bohn, 152 N. Third Street, Suite 200, San Jose, CA 95112; and John T. Burnite, John C. Ferry, Esq., Michael G. Glanzberg, Esq., and Thomas M. Herlihy, Esq., at Kelley, Herlihy & Klein, LLP, 44 Montgomery Street, Suite 2500, San Francisco, CA 94104.

/s/ Joseph M. Hamilton
Joseph M. Hamilton

Dated: July 26, 2005