UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYNTHIA MENDEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Miscellaneous Massachusetts |
| | ) | Docket No. 05-MC-30027-KPN |
| UNUM PROVIDENT CORPORATION; | ) | |
| PROVIDENT LIFE & ACCIDENT | ) | United States District Court for the |
| COMPANY | ) | Northern District of California |
| | ) | Case No. C04-01312 JW |
| Defendants. | ) | |

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' OBJECTIONS TO COURT ORDER DATED JULY 18, 2005**

Massachusetts Mutual Life Insurance Company ("MassMutual") hereby responds to Defendants Unum Provident Corporation and Provident Life & Accident Company's ("Defendants") Objections to this Court's July 18, 2005 Order ("Order").

**Introduction**

In the Order, this Court ruled that Defendants' Motion to Compel MassMutual to produce certain documents relating to its relationship with Stephen Prater, an expert retained by the Plaintiff in the above-captioned litigation, is moot on account of a July 8, 2005 ruling by the Northern District of California (the "California Court"). The California Court denied the Defendants' attempt to compel production of documents from Mr. Prater that are identical to the documents sought from the Motion to Compel currently pending in this Court (the "Massachusetts Action") on the grounds that the requests are overbroad and excessive. For the following reasons, MassMutual submits that this Court should continue with its prudent approach of allowing the California Court – the tribunal before which the underlying litigation is pending – to decide the scope of permissible discovery.

## I.  The California Court Should Determine The Scope Of Discovery in The Underlying Case.

The Defendants' principal objection to this Court's Order finding the Massachusetts Action moot is that the California Court's finding that the Defendants' requests for documents from Mr. Prater were overbroad and excessive is not illustrative of whether the subpoena in the Massachusetts Action is equally burdensome on MassMutual.[1]  In drawing such a distinction, however, the Defendants ignore the negative impact that compelling production of the documents in the Massachusetts Action would have on the California Court's efforts to control the scope of discovery in the underlying action.  The California Court ordered Mr. Prater to serve a declaration on Defendants' counsel providing his reasoned estimate of work and income generated from providing consulting or expert witness services for insurance companies defending against claims of their insureds.  See July 8, 2005 Order of Magistrate Judge Lloyd at 6, ¶ 9 (attached as Exhibit C to MassMutual's Supplemental Memorandum of Law in Opposition to Defendant's Motion to Compel).

The California Court determined that the information submitted in this declaration (including, inter alia, work and income related to MassMutual) was a pragmatic method to permit the Defendants to explore the issue of Mr. Prater's alleged bias without requiring a full-scale production of information relating to each and every insurance company.  Accordingly, Magistrate Judge Lloyd's July 8, 2005 decision was part of an ongoing process on the part of the California Court to control the scope of discovery in the underlying action.  Indeed, the declaration to be submitted by Mr. Prater may very well result in further discovery disputes in

---

[1] Defendants also assert that they attempted to consult with MassMutual to reach an agreement on these issues following the Court's July 18, 2005 Order, but "that MassMutual summarily rejected this proposal and refused to discuss it further."  Defendants' Objections to the July 18, 2005 Order at 2.  At a minimum, this is an overstatement of MassMutual's position.  MassMutual responded by letter indicating that, given Defendants' position, it intended to rely on the weight of the California Court's decision.  Contrary to the Defendants' claim, MassMutual never communicated that it would refuse to discuss the matter further.

the underlying action. If this Court were to compel the production of the same documents in this proceeding, it would result in a conflicting, piecemeal adjudication of the scope of discovery in the underlying action. The California Court is most familiar with the issues in the underlying case and therefore should be the court to determine the appropriate scope of discovery.

II.     **The California Court Considered Factors in Addition to Prater's Burden of Production.**

The Defendants incorrectly contend that the California Court focused solely on the burden that compliance with the subpoena placed upon Mr. Prater; however, the California Court clearly considered other factors in limiting his response to the subpoena. Most importantly, as a separate and distinct ground for denying the motion to compel, the California Court determined that the scope of the requests in Defendants' subpoena to Mr. Prater were overbroad and overreaching in nature. This factor does not implicate the burden on MassMutual in responding to the subpoena, but instead addresses the entirely distinct problem of the overreaching nature of Defendants' requests as framed in the subpoena. Defendants now apparently hope to ignore this aspect of the California Court's ruling by limiting their argument to the burden issue. However, the California Court, which is respectfully in a much better position to determine the allowable scope of discovery in the California action, has already made a determination regarding what the permissible scope of Defendants' subpoena requests should be. To allow Defendants now to seek production of the documents that the California Court already has determined are overly broad will simply permit Defendants to complete an end-run around the California Court's decision. Because the requests in the Massachusetts Action are identical to the requests considered by the California Court, it is appropriate for this Court to look to the decision of the California Court when determining the scope of discovery in the underlying action.

Moreover, the California Court also considered the intrusion that compliance would cause on Mr. Prater's privacy rights. <u>See</u> <u>id.</u> at 6, ¶ 9 ("Prater contends that these requests are overbroad and intrusive of, among other things, his right to privacy . . . . The requests, as drafted, are overbroad and excessive."). Accordingly, the fact that it may arguably be less burdensome for MassMutual to comply with the subpoena in the Massachusetts Action than it would be for Mr. Prater to comply with the California subpoena is not a dispositive distinction between the two subpoenas. Instead, this Court must also consider the broad scope of the requests, as well as the effect that production of these documents may have on Mr. Prater.[2] In light of these additional factors, the fact that MassMutual's burden of compliance may be different from Mr. Prater's burden is not alone sufficient to compel compliance with the subpoena.

## **Conclusion**

For the foregoing reasons, and the reasons set forth in its legal memoranda in opposition to the Motion to Compel, MassMutual submits that Defendants Unum Provident Corporation and Provident Life & Accident Company's Motion to Compel should be denied as moot.

                                               MASSACHUSETTS MUTUAL LIFE
                                               INSURANCE COMPANY

                                               By its Attorneys,

                                               /s/ Stephen M. Prignano

                                               Stephen M. Prignano (BBO #645581)
                                               EDWARDS & ANGELL, LLP
                                               2800 Financial Plaza
                                               Providence, RI 02903
                                               (401) 274-9200
                                               (401) 276-6611 (fax)

---

[2] On May 25, 2005, Mr. Prater, through his own attorneys, also filed in this Court an Objection to the Defendants' Massachusetts subpoena, which sets forth numerous objections including, <u>inter</u> <u>alia</u>, over breadth and invasion of his privacy rights.

- 5 -

## CERTIFICATE OF SERVICE

    I hereby certify that on the 2nd day of August, 2005, I caused a copy of the foregoing to be mailed by regular mail, postage prepaid to the following:

Joseph M. Hamilton, Esq.
Kristina H. Allaire, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

                /s/ Stephen M. Prignano
              _____