# Edwards & Angell LLP

2800 Financial Plaza   Providence, RI 02903   401.274.9200   *fax* 401.276.6611

Stephen M. Prignano

401.276.6670
*fax* 888.325.9052
sprignano@EdwardsAngell.com

August 2, 2005

The Honorable Kenneth P. Neiman
United States Magistrate Judge
District of Massachusetts
Federal Building & Courthouse
1550 Main Street
Springfield, MA 01103

> **Re:   Cynthia Mendez v. UNUM Provident Corporation, et al.
> C.A. No. 04-01312 JW (N.D. Cal.)**

Dear Magistrate Judge Neiman:

Following our submission of MassMutual's opposition to UNUM's motion to compel in the above-referenced matter, which was filed with the Court today, counsel for MassMutual became aware of the attached Order from the United States District Court in the Western District of Washington. Said Order denies UNUM's motion to compel production of documents pursuant to a nearly identical subpoena served on the law firm of Friedman, Rubin & White regarding documents of expert witness Stephen D. Prater. MassMutual believes that the reasoning of the District judge's decision in the Western District of Washington matter is directly relevant to the issues that are before this Court with respect to UNUM's attempts to obtain documents concerning Mr. Prater from MassMutual. MassMutual, therefore, wishes to supplement its opposition by referring the Court to the attached opinion.

Thank you for your attention to this matter.

Sincerely yours,

Stephen M. Prignano

Enclosure

cc: Joseph M. Hamilton, Esq.
    Kristina H. Allaire, Esq.

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

CYNTHIA MENDEZ,

Plaintiff,

11

v.

12

UNUM PROVIDENT CORP., *et al.*,

13

Defendants.

14

Case No. C05-1129L

ORDER DENYING
MOTION TO COMPEL;
ORDER TO SHOW CAUSE

15

16

## I. INTRODUCTION

17

This matter comes before the Court on a motion filed by defendants UnumProvident

18

Corporation and Provident Life & Accident Insurance Company (collectively, "defendants") for

19

an order compelling plaintiff's counsel, the law firm of Friedman, Rubin & White ("FRW"), to

20

produce documents regarding plaintiff's expert witness Stephen D. Prater. (Dkt. #1). For the

21

reasons set forth below, the Court denies the motion to compel.

22

## II. DISCUSSION

23

FRW represents plaintiff Cynthia Mendez in this case and in a case currently pending

24

against defendants in the United States District Court for the Northern District of California (the

25

"California litigation"). Plaintiff disclosed Mr. Prater as an expert who would testify regarding

26

defendants' mishandling of her claim for disability benefits. Defendants contend that in this

27

ORDER DENYING

28

MOTION TO COMPEL;
ORDER TO SHOW CAUSE - 1

Case 2:05-cv-01129-RSL     Document 9     Filed 08/01/2005     Page 2 of 4

1   case and in prior dealings with Mr. Prater, he has shown a pattern of evading inquiries regarding

2   the nature, extent, and scope of his work against insurance companies; defendants also argue

3   that through the nature and scope of his prior work, Mr. Prater has shown himself to be biased

4   against defendants and in favor of FRW.  Plaintiff argues that she has complied with the

5   requirements of Federal Rule of Civil Procedure 26 by producing numerous documents,

6   including Mr. Prater's report.  Defendants moved to compel Mr. Prater to provide certain

7   documents in the California litigation regarding his opinions and the bias issue.

8          Meanwhile, on May 13, 2005, FRW received a subpoena duces tecum from defendants

9   requesting that they provide documents from the following five categories:

10      (A) Where FRW has hired Prater as an expert, but not disclosed him.
        (B) Where FRW has hired Prater as an expert and disclosed him.
11      (C) Where FRW has hired Prater for advice and assessment, either in non-litigated
        matters or where he has not been disclosed as an expert.
12      (D) Where FRW has hired Prater for advice and assessment and/or generally concerning
        [defendants and their parents, subsidiaries, predecessors in interests and affiliates].
13      (E) Where communications between FRW and third parties discuss or reference Prater,
        his work, retention, reports, opinions, findings and conclusions, in whole or in part
14      (excluding communications between FRW and its clients).

15  For each category of requested information, the subpoena demands production of the following

16  documents from the past ten years:

17      (1) All invoices and billings FRW received from Prater;
        (2) All payments FRW made to Prater;
18      (3) All records reflecting hours spent and time billed by Prater to FRW;
        (4) All tax records including all 1099's or other tax reporting forms sent to Prater from
19      FRW;
        (5) All professional services agreements with Prater of any kind . . . between Prater and
20      [FRW] or to which FRW was a party;
        (6) All billing records, logs, diaries, spreadsheets, agings, accounts receivable and
21      accounts payable relating to the monies owed to and paid to Prater by FRW;
        (7) All deposition transcripts of Prater's testimony;
22      (8) All reports and notes prepared by Prater;
        (9) All documents that were provided to FRW that FRW understood Prater relied upon to
23      support his communications, thoughts, opinions, advice or recommendations to FRW.

24  See Declaration of Michael Glanzberg, Ex. 2 (the "requested information").  The requested

25  information is a small subset of the large number of documents defendants requested from Mr.

26  Prater in the California litigation.  FRW timely issued its objections.  The parties were unable to

27  ORDER DENYING
    MOTION TO COMPEL;
28  ORDER TO SHOW CAUSE - 2

1  resolve the dispute informally, and defendants filed this case to enforce the subpoena duces

2  tecum.

3          On July 8, 2005, U.S. Magistrate Judge Howard R. Lloyd ruled on the motion to compel

4  in the California litigation (the "Order").[1]  Magistrate Judge Lloyd granted the motion in part

5  and denied it in part regarding the documents underlying Mr. Prater's opinions.  Most relevant to

6  this motion, the Order found that defendants were entitled to "some leeway in exploring possible

7  bias" and required Mr. Prater to provide a declaration with information regarding his work and

8  income for the past five years, including "the percentage of his time spent and gross income

9  generated from providing consulting or expert witness services for [FRW]."  Id. at p. 7.

10         The scope of permissible discovery regarding Mr. Prater's opinions and potential bias has

11 already been decided in the California litigation, and the Court defers to that court's well-

12 reasoned Order.  The Order permits the proper amount of exploration of Mr. Prater's opinions

13 and possible bias.  This Court will not order FRW to produce documents beyond what Mr.

14 Prater is required to produce in the California litigation because directing the subpoena to a third

15 party does not enlarge the scope and requirements of Rule 26.[2]  To the extent that some of the

16 requested information is not obtainable from Mr. Prater, including FRW's billing and accounting

17 records, those documents are beyond the scope of permissible discovery, and their production

18 would impose an undue burden on FRW.

19

20

---

21         [1] The Court has considered all of the parties' submissions regarding this motion,

22 including FRW's Supplemental Memorandum and defendants' Reply to that filing.

23         [2] In fact, Federal Rule of Civil Procedure 45 requires parties to "take reasonable steps to
   avoid imposing undue burden or expense on a person subject to that subpoena."  Fed. R. Civ. P.
24 45(c)(1).  Rule 45 was amended in 1991 to enlarge the protections to third parties, and the Court
   is especially cautious here because defendants issued the subpoena to a law firm, implicating
25 both plaintiff's attorney-client relationship and those of third parties.  Fed. R. Civ. P. 45,
26 advisory committee notes (1991 Amendment).

27 ORDER DENYING
   MOTION TO COMPEL;
28 ORDER TO SHOW CAUSE - 3

## III. CONCLUSION

For the foregoing reasons, defendants' motion to compel (Dkt. #1) is DENIED. Because the only relief requested in this action was an order to compel and the Court has denied that relief, defendants must show cause within ten days of the date of this order why this case should not be closed. The Clerk of the Court is directed to place this order to show cause on the Court's calendar for consideration on August 12, 2005.


DATED this 29th day of July, 2005.


*Mwr S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO COMPEL;
ORDER TO SHOW CAUSE - 4